Missouri, Kansas & Texas Railway Co. of Texas v. Jeff
Whitaker.

No. 964.

**Fellow Servants—Railway Company—Statute.**
    Under section 2 of the Fellow Servants Act of 1891, declaring all persons engaged
in the common service of a railway corporation, working together at the same
time and place, to a common purpose, of same grade, to be fellow servants, a
hostler, whose duty it is to bring the engines into the round house and take them
out when again needed, and a boiler washer, whose duty it is to clean the boilers
of the engines when so brought in, both being under the employment and control
of the round house foreman, and without authority over each other, are fellow
servants, and the court should have so charged as matter of law.

Appeal from Grayson. Tried below before Hon. Don A. Bliss.

*Foster & Wilkinson,* for appellant.—The plaintiff and the hostler op-
erating the engine of defendant by which plaintiff was struck, under the
undisputed facts of this case, were, within the meaning of the law of the
State fellow servants. Act of March 10, 1891, Laws, 22, Leg., ch. 24,
p. 25; Railway v. O'Bryan, 15 Ill. App., 134; McKinney on Fellow
Servants, secs. 72, 77; Railway v. Keefe, 47 Ill., 108; Valtez v. Railway,
85 Ill., 500; Railway v. Britz, 72 Ill., 256; Railway v.
Wheeless 10 Lea (Tenn.), 4 Am. & Eng. Ry. Cas., 633;
Railway v. Murphy, 53 Ill., 336 (5 Am. Rep., 48); Ragsdale v.
Railway, 59 Tenn., 426; Railway v. McDonald, 21 Ill. App., 409; White
v. Kennon (Ga.), 90 S. E. Rep., 1082; Railway v. Henry, 7 Ill. App., 322;
Railway v. Froasch, 68 Ill., 545; Railway v. Geary, 110 Ill., 383.

No brief for appellee reached the Reporter.

FINLEY, Associate Justice.—This suit was commenced in the
District Court of Grayson County, Texas, February 23, 1893, by peti-
tion filed by Jeff Whitaker whereby he sought to recover from the Mis-
souri, Kansas and Texas Railway Company of Texas damages for per-
sonal injuries received while in the employ of defendant, and through
its alleged negligence. Plaintiff claimed that he was employed as a la-
borer in defendant's roundhouse at Denison, and that while passing
through the same in the discharge of his duties, he was run down and
injured by a locomotive engine moving upon one of the tracks in the
roundhouse. As grounds of negligence, he alleged that it was in the
night time; that an engine on an adjacent track was blowing off steam,
preventing the moving engine from being seen or heard; and that de-
fendant's employes operating the latter ran the same at a high and im-
proper rate of speed through the roundhouse; that no man was sent
ahead of the engine in its passage to see that the tracks were clear, and
no signals or warnings of the approach of the engine were given.

Defendant answered by general denial and a special plea of plaintiff's
contributory negligence in failing to keep proper lookout and avoid the

moving engine. That the risk of being so struck and injured was one of the perils incident to his services in the roundhouse, and assumed by him; and if the negligence of any person other than plaintiff contributed to cause his injury, it was the negligence of a fellow servant.

On the trial of the cause, March 7, 1894, plaintiff recovered a judgment for $1000. From this judgment an appeal has been prosecuted to this court.

*Opinion.*—The first, second and third assignments of error complain of the refusal of the following requested special instructions:

A.  "The plaintiff and the hostler operating the engine of defendant by which plaintiff was struck, under the undisputed facts of the case, were, within the meaning of the law of the State, fellow servants; and the defendant is not liable for any negligent act or omission of said hostler, though the same may have caused injury to plaintiff without plaintiff's fault.

B.  "By the terms 'same grade of employment,' in the definition of fellow servants given in the charge, it is not meant that two employes must be engaged in work of equal dignity, or receiving equal compensation, if neither has any superintendence or control over the other, or any authority to direct the other in the performance of any duty, they are of the same grade of employment, and under the facts proven in this case a hostler employed to bring engines into the roundhouse and take them out, and a boiler washer helper employed to wash out boilers in the roundhouse, both being employed to work in the roundhouse and employed by and subject to direction of the foreman of the roundhouse, would be, within the meaning of the law, of the 'same grade of employment.'

C.  "By servants 'working together at the same time and place and to a common purpose,' in the definition of fellow servants, is not meant that two servants must engage in the same kind of work or in work which brings them at all times in the same place. If defendant maintained at Denison a roundhouse for the care and repair of the engines used on its road, under charge of a roundhouse foreman, a hostler employed to bring into such roundhouse and to take out from it, engines coming in from or going out on the road, and one employed to wash out boilers of engines in said roundhouse, both employed by and working under the roundhouse foreman, would be within the meaning of the law working together at the same time and place, to a common purpose and in the same department of service."

The evidence, so far as it touches the relation of plaintiff and the hostler, who was in charge of the engine, and whose negligence it is alleged caused the injury, to the railway company, and to each other, and as to the material circumstances under which the injury occurred, is entirely without conflict, and clearly establishes the following facts:

At the time of the injury, September 6, 1892, plaintiff was employed by defendant in its roundhouse at Denison as a boiler washer helper;

Jack Jones, a white man, was boiler washer; plaintiff and another negro were his helpers; their duties were, when an engine was brought to the roundhouse, to blow it off and wash out the boiler. The roundhouse was a building in the form of a half circle, enclosed on the outer side and ends, but open upon the inside of the circle, with tracks or stalls for engines diverging from a turn-table situated in the center of the circle, and running thence into the roundhouse for engines to stand upon; there was one track near the south end of the roundhouse which ran clear through the building and out upon the south side; the other tracks terminated in the building. At the time of his injury, plaintiff was at work upon an engine near the north end of the roundhouse. By direction of Jones, the boiler washer, he went to the south end of the roundhouse to get an instrument called a mud rake, which he did, and was returning with it to the place where he was at work when he was struck by the engine. There were about twenty stalls or tracks for engines in the roundhouse, most of the same occupied at the time. The pilots of these engines as they stood upon the tracks were within about four feet of the outer wall of the roundhouse, which space was planked, and plaintiff in going and returning passed between the side of the building and the head of the engines standing within, walking about two feet from the side of the building. The track which passed clear through the building was about the fourth track north of the south end of the building; on the next track south of this an engine was standing which was blowing off steam. As plaintiff stepped upon the track which ran through the building, an engine entered it, coming from the south side outside the roundhouse and toward the turn-table at the center; the doorway where it entered was about wide enough for an engine to pass through and for a man to squeeze through on each side of it. Plaintiff testified that he did not hear any bell rung upon the engine; that he did not see the engine until he was knocked down, or at the instant it struck him. The engine was being brought through the roundhouse by B. F. Coleman, a hostler, for the purpose of sending it out upon the road.

Plaintiff was employed at the roundhouse as a boiler washer and his duty was to wash out the boilers of engines brought in there to be overhauled between their trips upon the road. The hostler was employed at the roundhouse, and his duty was to bring the engines into the roundhouse and take them out again when they were sent out for use on the road. Both were employed by and worked under the supervision of the foreman of the roundhouse. Neither of them had any control, authority, direction or superintendence over the other in his work. They were employed, though in different capacities, about the same work, that is the care of the engines at the roundhouse, when not in use upon the road.

Section 2 of our Fellow Servant Act reads as follows: "That all persons who are engaged in the common service of such railway corporations and who, while so engaged, are working together at the same time and place to a common purpose, of same grade, neither of such persons being

entrusted by such corporations with any superintendence or control over their fellow-employes, are fellow-servants with each other; provided, that nothing herein contained shall be so construed as to make employes of such corporation, in the service of such corporation, fellow-servants with other employes of such corporation, engaged in any other department or service of such corporation. Employes who do not come within the provisions of this section shall not be considered fellow-servants."

At common law, employes who serve the same master, labor under the same control and to a common purpose, and derive their authority and receive their pay from the same general source, are fellow-servants, although they be of different grades, or labor in different and distinct departments of service. Robinson v. Railway, 46 Texas, 550; Dallas v. Railway, 61 Texas, 202; Watts v. Railway, 63 Texas, 551.

Our statute now fixes the relation of fellow-servant, as to railway employes, only between those who serve the same master, are of the same grade, are working together at the same time and place to a common purpose, in the same department, and neither being entrusted with superintendence or control over his fellow-employes. If they are of different grades, of different departments of service, or one is entrusted with the power to superintend or control his fellow-employes, then, under the statute, the relation of fellow-servant does not exist.

In the case before us for determination, unquestionably the plaintiff and the hostler were serving the same master, at the same time and place to a common purpose, were of the same grade, and neither had superintendence or control over fellow-employes. Were they in the same department or service? They were both employed by the foreman of the roundhouse; they were under the same special control; their duties called them to the same place of service at the same time, and their labors alike related to engines while they were not in actual service upon the road. The hostler brought the engines into the roundhouse and carried them out when necessary; the plaintiff cleaned out the boilers to make the same ready for further service. They were clearly in the same department. It is not necessary that they should be doing exactly the same kind of work and getting the same compensation therefor to be servants of the same grade, nor to be employes in the same department. In discussing the doctrine of vice-principal, in Railway v. Peters, 87 Texas, 224, Justice Gaines says: "According to the averments in the petition, Brooks and plaintiff were not fellow-servants. There is nothing either in the language or reasoning in the opinion in Railway v. Williams, 75 Texas, 4, which leads to the contrary conclusion. It is true we there say, that 'there are numerous cases which hold that the employe who has charge of a special department of the company's business, with the power to employ the servants in his department, is not to be deemed the fellow-servant of those under his control;' but it was not meant by this that the department of the business should necessarily be a principal one. We think the rule applies to any special business of the master which is car-

ried on by a number of employes under charge of another, with power to employ and discharge the servants engaged in that business."

We think the special instructions requested announce the law of this case. The court charged the substance of the statute, and left the jury to apply the evidence and determine whether the plaintiff and the hostler were fellow-servants. Where the evidence clearly and without conflict shows the relation of the employes to be that of fellow-servants, the court should instruct the jury, as a matter of law, that they are such. ·

There are several other assignments of error presented, which we deem unnecessary to consider.

The constitutionality of the Fellow Servant Act is attacked by appellant; but this contention has been adversely decided by .the Supreme Court. Campbell v. Cook, 86 Texas, 633.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 23, 1895.