TEXAS & PACIFIC RAILWAY COMPANY v. LOUISE ROBERTS ET AL.

Delivered October 24, 1896.

1. **Railway Company—Duty of Keeping Lookout for Persons on Track— Distinctions.**

It is the duty of those operating a railway engine to use ordinary and reasonable care to discover persons on the track at any public crossing in time to avoid injuring them; but with reference to a person on other parts of the track, the liability of the railway company will depend, in the first instance, on whether its train operatives in fact saw him there in time to have avoided the injury.

2. **Same—Liability Further Dependent on Knowledge of Peril.**

It is not enough to fix liability upon the railway company, in such cases, that its train operatives did see the person on the track in time to have avoided the collision; they must also have seen or known the peril of his situation.

Appeal from Cass.  Tried below before Hon. John L. Sheppard.

*F. H. Prendergast* and *W. T. Armistead,* for appellant.

*Howard O'Neal* and *O'Neal & Eberhart,* for appellees.—The court did not err in the sixth paragraph of its charge, because the uncontroverted facts in the case show that said Roberts was at the time of the collison, and had been for some fifteen minutes, actively engaged in an effort to get his mule off the track; and if the train men saw him, they were bound to know his perilous condition, and had no right to presume he would get off, and it was their duty to stop the train. Railway v. Roberts, 2 Texas Civ. App., 111; Wasmer v. Railway, 80 N. Y. Reporter, 212; 1 Am. & Eng. R. R. Cas., 122; Railway v. Symkins, 54 Texas, 615; Railway v. Weisen, 65 Texas, 447; Railway v. Chapman, 57 Texas, 75.

LIGHTFOOT, Chief Justice.—This is the second appeal of this case.  See 2 Texas Civ. App., 111.

The statement of the case now is similar in many respects to the report of the first appeal.  Newton R. Roberts was in Queen City, a station on appellant's road, in Cass County, on the evening of November 24, 1888, and desired to go to Atlanta, another station on the road about two miles distant.  He left Queen City about sundown, riding a mule, and traveled the wagon road for about 400 yards to where it crossed the railway track, when he left the dirt road and took down the railway track, about 180 yards further, until he came to a bridge or culvert, when he dismounted and led his mule back a short distance, and was engaged in trying to lead the mule off the track, which at this place was on an embankment about ten or twelve feet high, when he and the mule were both struck by appellant's north bound passenger train and killed.  The suit is brought by the widow and children of the deceased to recover damages against the railway company.  The latter plead contributory negligence, and that the servants of the company could not and did not see the deceased and his peril until too late to stop the train or prevent his injury.  There was a verdict and judgment for plaintiffs, from which this appeal is taken.

1.  Under appellant's third assignment of error it attacks the sixth paragraph of the court's charge, which is as follows:  "You are instructed that it is your duty to determine from the evidence before you, where said Newton R. Roberts was on the defendant's railway track at the time he was struck by the train and killed, and if you find from the evidence that he was on the defendant's track at a place that was not a public place, and that the employes of the defendant company saw him on the track before the train struck him, in time to have stopped its train by the use of its appliances at their command, and before said train could strike him, and that they negligently failed to stop said train and did negligently fail to exercise reasonable care and caution to

stop such train, and to avert injury to him, but did negligently and carelessly cause said train to strike said Roberts and thereby caused his death, you will find for the plaintiffs; but, if you believe from the evidence that said employes saw said Roberts on defendant's track before said train struck him, and they did exercise reasonable care and diligence to stop said train by the use of all the appliances at their command before it struck Roberts, you will find for the defendant company."

This charge was clearly erroneous, because the employes of the company were not charged with the duty of attempting to stop the train merely because they saw a man upon the track. They must have seen more than that. It was necessary that there should have been something to indicate that he would not probably leave the track in time to avoid danger, and after thus seeing his peril, the duty would devolve upon them to use all the means and agencies then at hand to avoid injuring him.

In the recent case of Railway v. Breadow, 36 S. W. Rep., 412, Judge Denman uses this language: "If defendant, through the parties in charge of the engine, knew of Breadow's peril in time to have avoided same, such knowledge imposed upon it the new duty of using every means then within its power consistent with the safety of the engine to avoid running him down, and a failure so to do would render it liable, notwithstanding he may have been guilty of contributory negligence in being exposed to the peril. * * * The principle, however, has no application in the absence of actual knowledge, on the part of persons inflicting the injury, of the peril of the party injured in time to avoid the injury by the use of means and agencies then at hand. If he had no such knowledge, the new duty was not imposed, though it be clear that by the exercise of reasonable care, he might have acquired same. The burden of proof was upon plaintiff in this case, in order to recover for a breach of such new duty, to establish, not that the employes might by the exercise of reasonable care have acquired such knowledge, but that they actually possessed it."

The knowledge required, was not merely that there was a man on the track, but that there was a man in peril.

2. Under the fourth assignment of error appellant complains of the seventh paragraph of the charge, which is as follows: "If you find from the evidence that the said Newton R. Roberts was on defendant company's track, at a point on said track that was commonly used by the public in traveling across and on said track, and that the employes of the defendant company in charge of said train knew that the public used said point on said track as a crossing for footmen, and that the public used said part of said track in going to and from Queen City to Atlanta by footmen, and that said Roberts was guilty of negligence in carrying his mule down the track of defendant where he was struck and killed, and that such negligence contributed to his injury, which caused his death; and if you further believe that the employes in charge of the defendant's said train saw the said Roberts on its track, or could have

seen him by the exercise of ordinary care, in time to have stopped said train by the use of appliances at their command, before it struck Roberts, and that they negligently failed to exercise ordinary care, and that by reason of failure to exercise ordinary care and prudence to see, and stop said train, said train struck Roberts and killed him, you will find for the plaintiffs; but if plaintiffs have failed to show that the place where Roberts was when he was struck by defendant's train, was commonly used by the public who traveled on foot in crossing said railroad in going to and from Atlanta to Queen City, and that the employes in charge of said train knew of such use by the public, then you are instructed that the defendant company is not responsible for the injury that caused said Robert's death, unless the evidence shows that the employes of the defendant in charge of said train saw Roberts on its track before the train struck him in time to have stopped said train by the use of the appliances at their command, and they negligently failed to do so, and such failure was the proximate cause of the injury that caused Robert's death."

Under the testimony, it was a controverted question of fact whether or not the place where Roberts was killed was a public place. It was about 450 or 500 yards south of the postoffice in Queen City, and about 170 yards south of where the main public wagon road crossed the track. There was a saw mill and a planing mill and sheds a short distance east of the track, and some paths crossing the track near the place where he was killed. If it was a public crossing, and the employes of the company knew that fact, they were charged with the duty of using ordinary care to discover any one on the track and avoid inflicting injury.

In the case of Railway v. Smith, 87 Texas, 357, Judge Brown said: "We announce the rule that railroad companies at crossings and such portions of its track as may commonly be used as footway or crossing, which is known to the company, and at which persons may be expected, must use ordinary care to discover their presence and to avoid inflicting injury upon them (Railway v. Crosnoe, 72 Texas, 79), and that in the exercise of that degree of care they must use such an amount of vigilance and caution as a man of ordinary prudence would use under like circumstances." At a public place it is the duty of the company to keep a lookout. Railway v. Watkins, 88 Texas, 20.

The above charge does not fairly present the case to the jury in the light of the above decisions, when considered together; (1) because, if deceased was killed at a public place, the question is presented, whether appellant saw him on the track or could have seen him by the use of ordinary care; when the real question was, whether appellant's servants knew the peril of deceased in time to have avoided the injury by the use of the means and agencies then at hand, or by the use of ordinary care could have known of such peril in time to have avoided the injury, etc.; (2) if it was not a public place, the question as presented in the charge, was whether or not the employes of the company saw Roberts

on the track in time to have stopped the train; when the real question was, whether they knew his peril in time to have stopped the train.

In the last decision (the Breadow case) the court's attention does not seem to be directed to the question whether the deceased was killed at a public or a private place, but the court is careful in using expressions which clearly indicate that if the party injured was guilty of contributory negligence, the question is not whether the servants of the company saw him on the track, but whether they knew his peril in time to stop the train by the use of the appliances then at hand.

The other questions presented by appellant, and not previously decided, we think are fairly covered by our discussion of the points above. For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*