Missouri, Kansas & Texas Railway Company v. Andrew Collins.

Delivered November 25, 1896.

#### 1. Negligence—Railway Company—Charge on Weight of Evidence.

In an action against a railway company for negligent personal injury to an employe, the court charged the jury that certain testimony, to the effect that plaintiff, before occupying a position of danger near the track, asked one S. to guard against trains being moved upon him, which S. promised should be done—might be considered in determining whether plaintiff had exercised ordinary care, or was contributorily negligent, but not in determining the negligence of the defendant company, as it was not shown that S. had any authority to bind the defendant by such promise. Held, that only the latter (negative) clause should have been given, the part as to contributory negligence being on the weight of evidence.

#### 2. Same—Peril of Injured Party's Situation Must be Seen.

In order to render the railway company liable for injury done by its engines to one on or near the track, its employes operating the engine must have both seen the person injured and also the peril of his situation in time to have avoided the injury.

APPEAL from Grayson. Tried below before Hon. Don A. Bliss.

*Foster & Wilkinson,* for appellant.—1. The court erred in giving to the jury the twelfth instruction, in that thereby the jury were permitted and instructed to consider the fact that the plaintiff had received assurances of protection from one Spangler, on which plaintiff relied, and said Spangler had been guilty of negligence in not affording plaintiff protection, as excusing the contributory negligence of plaintiff and relieving him from the obligation to exercise ordinary care for his own safety. Railway v. Brentford, 79 Texas, 626; Railway v. Anderson, 82 Texas, 520; Railway v. Moody, 23 S. W. Rep., 41; Railway v. Mackney, 83 Texas, 418-419; Railway v. Williams, 75 Texas, 6; Railway v. Kutac, 72 Texas, 651; Johnson v. Railway, 2 Texas Civ. App., 143; Railway v. Dunham, 49 Texas, 185; Railway v. Whittemore, 58 Texas, 276; Township of Crescent v. Anderson, 114 Pa. St., 643; 60 Am. Rep., 369; Dean v. Railway, 129 Pa. St., 574; 15 Am. St. Rep., 738; Pratt Coal & Iron Co. v. Brawley, 83 Ala., 371; 3 Am. St. Rep., 753; Railway v. Snyder, 25 O. St., 670; 1 Thompson, Negligence, 1191, sec. 37.

2. The court erred in giving the jury the tenth paragraph or instructions of its charge, in this, that thereby the plaintiff's contributory negligence actively contributing to cause his injury at the time the same happened, is held not to prevent a recovery, if the same was discovered in time to prevent injuring him. This constitutes the third proposition submitted. Railway v. Lewis, 5 Texas Civ. App., 642; Railway v. Herrin, 26 S. W. Rep., 427; Railway v. Garcia, 75 Texas, 591; Hughes v. Railway, 67 Texas, 595; Railway v. Christian, 27 S. W. Rep., 933; McDonald v. Railway, 86 Texas, 13-15; Railway v. Ryan, 70 Texas, 58; Railway v. Scott, 27 S. W. Rep., 827.

3. The mere negligence of the servants of defendant as in failing to discover plaintiff, or failing as soon as might have been done to appre-

ciate and act upon the emergency presented, with such promptness or vigor as they might, or to use the means at their power to avoid striking him as promptly and energetically as they might have done, so long as there was not a conscious omission of duty towards him, but on the other hand an effort in good faith to do their duty, would not make the defendant liable.   See authorities above cited.

*D. O. Hause* and *C. B. Randell*, for appellee.

FINLEY, ASSOCIATE JUSTICE.—Appellant's statement of the nature and result of the suit is not attacked by appellee, and will be accepted as a correct statement, as follows:   This action was brought by Andrew Collins in the District Court of Grayson County, Texas, on May 9, 1894, to recover damages in the sum of $25,000 from the Missouri, Kansas and Texas Railway Company of Texas, for personal injuries alleged to have been occasioned by defendant's negligence on February 12, 1894.   The original petition, on which the cause was tried, set forth that on that date plaintiff was in the employment of defendant at Houston, Texas, engaged in painting a coal house of defendant, in which service it was necessary for him to mount upon a ladder, the foot of which was placed upon the railway track, and that while so engaged, and exercising proper care for his own safety, defendant's agents, servants and employes, operating a railway train, backed the same against the ladder on which he was working, knocking it down and causing plaintiff to fall, thereby causing his injury.   The petition averred negligence on the part of defendant's agents, servants and employes in so operating the train, and also that plaintiff, prior to receiving his injury, had been informed by the agents and servants of the defendant managing such train that it would not be run upon the track in question, and plaintiff relied upon such assurance of protection.

Defendant answered by general demurrer and general denial, and special plea of contributory negligence on the part of plaintiff, by which it was alleged that plaintiff was guilty of a want of ordinary care in placing the ladder in the position he did and getting upon it at the time when he knew, or might have known by ordinary care, that the track would be used by trains, and in failing to set out flags or signals of warning for his own protection and to keep a proper lookout for the approach of trains while engaged in his work.

It was also alleged that if the negligence of any of the servants or employes of defendant contributed to cause plaintiff's injury, they were his fellow servants.

The cause was tried and resulted in a verdict and judgment in favor of plaintiff, recovered September 20, 1895, for the sum of $9000, from which judgment appellant has duly perfected its appeal by filing supersedeas bond, etc., to this court.

Appellant's first assignment of error challenges the correctness of the twelfth paragraph of the charge of the court to the jury.   The charge

referred to in the assignment is as follows: "Certain testimony has been admitted before you to the effect that plaintiff informed one Spangler that he was going to occupy said position, and that Spangler promised plaintiff that he, Spangler, would protect him from injury. With reference to this testimony, you are instructed that if you believe from the evidence that plaintiff so informed the said Spangler, and that the said Spangler so promised him, you can consider this testimony in determining whether or not the plaintiff exercised ordinary care for his own safety, and for no other purpose. You can not consider said testimony in determining whether or not the defendant exercised ordinary care for the plaintiff's safety, because the testimony fails to show that said information was in anywise notice to the defendant of plaintiff's situation, or that said promise, if any such was made, was binding on the defendant. If Spangler made such promise and failed to keep it, and thereby caused an injury to plaintiff, he, Spangler, would be liable in damages to plaintiff, but not defendant."

The testimony referred to in this charge was, in substance, this: Plaintiff testified that just before starting to work there at the place where he was injured, he went to one Spangler, whom he thought to be master mechanic having control of the movement of engines, and showed him the ladder upon which he had to ascend and stand in order to do the painting, and asked him when he should go ahead and do the work. He was told by Spangler to go ahead with the work, and that he, Spangler, would see to it that he was not hurt; that nothing should interfere with him.

The proof showed conclusively that Spangler did not have the authority which plaintiff supposed he had. His authority was very limited, and did not extend to the supervision or control over the movement of engines and cars in the yards, or to persons whose duty it was to move engines and cars in the yards. Spangler had no control whatever over the persons who were handling the car which came in contact with the ladder upon which plaintiff was standing, knocking it down and causing his injury. While Spangler was an employe of the railway company, his duties lay in another direction entirely.

It was evidently the intention of the court to limit the effect of this charge so that the jury would not consider the failure of Spangler to carry out his promise of protection to plaintiff as negligence of the defendant railway company, authorizing a recovery by plaintiff. This the court effectually did in the charge complained of, and to this extent, the charge was proper and in favor of the railway company. The first portion of the charge, which instructed the jury "you can consider this testimony in determining whether or not the plaintiff exercised ordinary care for his own safety," directed the attention of the jury to the particular issue upon which the testimony might be legitimately considered. This part of the charge may have served to impress the jury with the idea that the court regarded the testimony as of material weight upon this issue. The evidence should have been allowed to

have gone to the jury, with the negative instruction contained in the other portion of the charge, and without this special direction that they should consider the evidence upon the issue of contributory negligence. The special charge asked by defendant, to the effect that Spangler's promises to protect plaintiff should in nowise excuse him for failing to provide other means of safety to himself, should not have been given.

On the issue of contributory negligence, the plaintiff was entitled to have his entire surroundings presented to the jury, and they were entitled to consider all the facts and circumstances in determining the issue of whether or not plaintiff exercised such care as an ordinarily prudent person would have done under the same circumstances. The refusal of this special instruction is made the basis of the second assignment of error.

The third assignment of error complains of this portion of the charge: "But, in connection with the two preceding paragraphs, you are instructed that if you believe from the evidence that defendant's said servants operating said train discovered plaintiff's situation in time by the exercise of ordinary care on their part to have avoided injuring him, and that they failed to exercise such care after so discovering his said position, you will find for the plaintiff, even though you should believe from the evidence that he failed to exercise ordinary care for his own safety under such circumstances."

It is urged that this charge is erroneous, in that it, in effect, instructs the jury that if defendant's servants in charge of the engine and car saw plaintiff in time to have avoided injuring him by the exercise of ordinary care, and failed to exercise such care, that the railway company would be liable. In view of the character of the evidence bearing upon this particular phase of the case, we think that such charge was error. There is evidence tending to show that the brakeman on top of the car saw plaintiff on the ladder at a sufficient distance to have caused the car to have been stopped before reaching the ladder. There is also evidence tending to show that while plaintiff was seen at this distance by such employe of the railway company, that by reason of obstructions, the position of the ladder resting so near the track could not be seen. In other words, the jury, from the evidence, might have reached the conclusion that the position or situation of the plaintiff on top of the ladder was discovered by the employes of the defendant, while his peril was not discernable by them. The new duty which is imposed upon employes to avoid injuring a person, who is himself guilty of contributory negligence in exposing himself to peril, arises when such employes become aware of the peril to which such person has exposed himself. It is then, after the peril is discovered, that the duty is imposed of using all the means at hand to avoid inflicting an injury upon the person so exposed to danger. If the position of the person is not such as to necessarily carry with it the suggestion of peril to the employes seeing the person, then this duty of endeavoring to avoid injuring him does not arise. It is the knowledge of the dangerous position of the

person exposed and who has been guilty of negligence in thus exposing himself, that imposes the new duty upon such employes. We can not say in this case, from the evidence, that to discover the position of plaintiff painting the coal house necessarily carried with it the suggestion of his peril. The evidence does not warrant us in saying that the discovery of plaintiff's position by the employes of the defendant made them aware of the fact that he was standing upon a ladder, the end of which rested so near the track that a car could not pass without knocking the ladder down. We are not authorized to say that such employes saw the ladder, much less knew how the foot of it was situated. It is possible that the plaintiff could have had some other means of elevating himself to the position where he was painting, and some other means of maintaining that position than that of a ladder resting dangerously near the railway track. In this condition of the evidence, we regard the charge as erroneous, and as requiring a reversal of the judgment. Railway v. Roberts, 14 Texas Civ. App., 533; 37 S. W. Rep., 870; Railway v. Garcia, 75 Texas, 591; McDonald v. Railway, 86 Texas, 1; Railway v. Breadow, 36 S. W. Rep., 410.

The special charge asked upon this phase of the case, and made the basis of the fourth assignment of error, does not clearly present the law, and was properly refused.

The fifth and sixth assignments of error complain that the court did not submit to the jury the issue of negligence of a fellow servant. The evidence did not warrant the court in submitting such an issue to the jury; and these assignments are not sustained. Railway v. Warner, 35 S. W. Rep., 364; Railway v. Whitaker, 33 S. W. Rep., 716.

On account of the errors in the charge, the judgment is reversed and the cause remanded.

*Reversed and remanded.*