Missouri, Kansas & Texas Railway Company of Texas v. H. S. Cherry.

Decided November 17, 1906.

**1.—Malicious Prosecution—Irrelevant Testimony.**

In a suit for malicious prosecution, the issue being whether or not the officer arresting plaintiff was acting for the defendant company in so doing, or was pursuing his duties as a policeman, it was irrelevant and immaterial what charge said officer preferred against a third party upon arresting him.

**2.—Same—Mental Anguish—Sickness of Family.**

There being no allegation in plaintiff's petition as to the health of his family at the time of his arrest, as bearing upon the question of mental anguish, the admission of testimony on that subject was of doubtful propriety.

**3.—Witness—Bias or Prejudice—Evidence.**

It was error for the court to refuse to allow defendant to prove, on cross-examination of one of plaintiff's witnesses, that said witness had a similar suit pending against defendant company growing out of the same transaction.

**4.—Improper Argument.**

During the trial of the case an assistant county attorney approached the trial judge and stated that the grand jury requested that some of the witnesses in the case be released from the rule and allowed to go before them without stating the purpose for which the witnesses were wanted; counsel for plaintiff thereupon objected and declared, in the presence and hearing of the jury, that it was "a most extraordinary request," and said counsel afterwards, in his argument to the jury, commented upon the occurrence, and added that the foreman of the grand jury was vice-president of the defendant company.    Held, the matter having been brought to the attention of the jury by the counsel for plaintiff himself, he should not have been allowed to refer to it in his argument to the jury.

**5.—Same.**

The impression made upon the minds of the jury by improper argument is not always eradicated by instructions of the court to disregard the same, and counsel, in making such arguments, take the chances of a reversal.

**6.—Evidence—Special Purpose—Charge.**

   Whenever evidence is admitted only for a particular purpose it is error for the court to refuse a charge limiting it to that purpose.

Appeal from the District Court of Dallas County.   Tried below before Hon. Thos. F. Nash.

*T. S. Miller* and *Thomas & Rhea,* for appellant.—The mere fact that a citizen assists an officer of the law to investigate the commission of crime against his property will not authorize the inference that he requested or directed the prosecution of persons supposed to be connected therewith.   Joske v. Irvine, 91 Texas, 574; Ricord v. Central P. R. R. Co., 15 Nevada, 175; S. C. 2 Am. and Eng. R. R. Cases, 394.

Elements of damage not alleged can not be proved.

The condition of plaintiff's family was too remote to be considered an element of damage.   Reisan v. Mott, 42 Minn., 49; 18 Am. St. Rep., 489.

The court erred in refusing to allow the defendant in its cross examination of Jack Parish, one of plaintiff's witnesses, to prove by said witness that the said witness had a damage suit pending against the defendant, similar to the suit of plaintiff.   Cox v. Missouri, K. & T. Ry. Co., 48 S. W. Rep., 745.

The court erred in allowing plaintiff to prove on cross examination of the defendant's witness, S. M. Duncan, that he, the said Duncan, when he arrested R. N. Allen, entered a charge of vagrancy against the said Allen.   Boehn v. Calish, 3 S. W. Rep., 293.

Notwithstanding the trial judge tried to correct the impression of improper argument, yet if it be probable that said argument has influenced the verdict of the jury, it is the duty of the trial judge to grant a motion for a new trial, and if he refuses, the Appellate Court will reverse.   District Court Rules, 38 to 41, 20 S. W. Rep., 14; Willis & Bro. v. McNiell, 57 Texas, 465; Delk v. Punchard, 64 Texas, 366; Gulf, C. & S. F. Ry. Co. v. Butcher, 83 Texas, 316; Gulf, C. & S. F. Ry. Co. v. Jones, 73 Texas, 235; Belo v. Fuller, 84 Texas, 453; Galveston, H. & S. A. Ry. Co. v. Wesch, 85 Texas, 600; Gulf, C. & S. F. Ry. Co. v. Southwick, 30 S. W. Rep., 595; Gulf, C. & S. F. Ry. Co. v. Younger, 29 S. W. Rep., 950; Fort Worth & D. C. Ry. Co. v. Lock, 70 S. W. Rep., 457.

The action of the grand jury in returning an indictment against plaintiff was a circumstance to be considered by the jury as to whether or not probable cause for the prosecution in fact did exist.   4 Sutherland on Damages (3d ed.), p. 3586, and authorities cited.

The dismissal by the county attorney of the indictment against plaintiff was no evidence of want of probable cause.   Bekkeland v. Lyons, 72 S. W. Rep., 56.

*Robert B. Seay, Seay, Richardson & Seay* and *Crane & Gilbert,* for appellee.—Where a corporation, through its agent, to wit, the chief of its detective department, employes a police officer to assist him in the prosecution of a citizen, for crime, and where such agent and police officer co-operate together for such purpose and under such employment, and within the line of such employment an affidavit is filed and a prose-

cution is instituted, then in such event the said corporation becomes the prosecutor and becomes liable to such citizen for damages, if said prosecution is without probable cause, and is instigated by and through the malice of the agent of the said corporation. Gulf, C. & S. F. Ry. Co. v. James, 73 Texas, 12; 7 Am. and Eng. Ency., 684; Eichengreen v. Louisville & N. R. R. Co., 96 Tenn., 229, 31 Law Rep. Ann., 702; Evansville & T. H. R. R. Co. v. McKee, 50 Am. Rep., 103; Am. St. Rep., 34, 134, note.

The condition of appellee's wife at the time of his arrest and incarceration may be proved under the allegations of physical pain, mental anguish and humiliation, and such condition becomes an element of such damages. International & G. N. Ry. Co. v. Anchonda, 68 S. W. Rep., 743.

Improper argument is not ground for reversal unless the verdict is against the evidence or is excessive. International & G. N. Ry. Co. v. Irvine, 64 Texas, 535; Houston & T. C. Ry. Co. v. O'Hare, 64 Texas, 606; Radford v. Lyon, 65 Texas, 477; Barber v. Hutchins, 66 Texas, 323; Moore v. Moore, 73 Texas, 394; McLane v. Paschal, 74 Texas, 27; Gulf, C. & S. F. Ry. Co. v. Norflett, 78 Texas, 325; Missouri Pac. Ry. Co. v. White, 80 Texas, 207; Moore v. Rogers, 84 Texas, 1.

The verdict will not be set aside for improper argument of counsel where the court instructed the jury to disregard the same. Brown v. Perez, 89 Texas, 282; Galveston, H. & S. A. Ry. Co. v. Duelin, 86 Texas, 454; Hogan v. Missouri, K. & T. Ry. Co., 88 Texas, 685.

RAINEY, Chief Justice.—This suit was brought by appellee H. S. Cherry against the appellant railway company to recover damages, both actual and exemplary. Plaintiff, in effect, alleged that defendant had instigated and procured the unlawful and illegal arrest of plaintiff without a warrant and caused him to be incarcerated in the city jail; that defendant had procured the making of an affidavit before the county attorney of Dallas County, charging plaintiff with the crime of burglary in breaking open and entering a box car, and had caused plaintiff to be indicted by the grand jury of Dallas County, charging him with the crime of burglary, which prosecution had been dismissed. That plaintiff was innocent of said crime, and that defendant's agents were actuated by malice and without probable cause, in the prosecution of plaintiff, and that the acts of the said agents were known to and ratified by the officers of said company.

The defendant plead the general denial, and specially that the prosecution begun by the filing of affidavit before the county attorney was by one S. M. Duncan, a city police officer of the city of Dallas, and that said Duncan presented to the county attorney a full statement of all the facts known to him, and that the county attorney advised the prosecution and that the indictment found at the October term, 1904, of Dallas County, was at the instigation and procurement of the regular constituted county attorney of Dallas County.

A trial was had, which resulted in a judgment for plaintiff for $1,792, actual damages and $1,833 exemplary damages. A remittitur of $200 was entered by plaintiff, and motion for new trial overruled, from which judgment this appeal is prosecuted by the railway company.

The court, over the objection of appellant's counsel, allowed plaintiff to prove that when S. M. Duncan arrested R. N. Allen he entered a charge of vagrancy against the said Allen. The admission of this testimony was error. The issue .in controversy was whether or not S. M. Duncan was acting for the railway company in arresting and prosecuting the appellee Cherry, or was pursuing his duties as a policeman of the city of Dallas. Any circumstance showing in which capacity he was acting was relevant, but we are unable to see how the fact that Duncan, when he arrested Allen, registered a charge of vagrancy against him, tended to establish the capacity in which Duncan was acting. If the other testimony in the case was sufficient to show that Duncan was acting for the railway company, the charge of vagrancy against Allen, though wrongful, was not relevant to any issue in this case, and its admission may have been prejudicial to the railway company.

The appellant objected to the following evidence of plaintiff admitted by the court, namely: "My wife was confined by a baby on the 17th of August, and was very sick in bed. My wife was confined on the 17th and was very sick in bed on the 27th, when I was put in jail." This was admitted to show mental suffering of plaintiff at his incarceration. It was objected to on the ground that there was no allegation with reference thereto in plaintiff's petition. Appellant presents the proposition that "the condition of plaintiff's family was too remote to be considered as an element of damage." There is some conflict in the authorities on this question. In the case of Reisan v. Mott, 42 Minn., 49, where no such special damages were pleaded, it was held that the condition of plaintiff's family could not be shown. In Killebrew v. Carlisle, 12 So. Rep. (Ala.), 167, however, it was held, "the court did not err in admitting evidence that plaintiff, at the time of his alleged malicious prosecution and arrest, was a married man. The deprivation of the society of one's wife and family, and the arrest and taking away of the plaintiff from his wife, is a proper item of damage in this class of actions; and proof of the martial relation is a necessary link in the evidence to establish such damage." There is nothing in the opinion, however to indicate whether or not such damage was pleaded by plaintiff. In Davis v. Seeley, 51 Am. St. Rep. (Iowa), 356, a witness "was asked how much of a family he had, what the condition of his family was at the time; also as to having a crippled son, who was under medical treatment and with whom he sat up. at nights." This was objected to, "as being incompetent, immaterial and irrelevant." It was urged that a claim for such damage was not made in the petition, and could not be entertained, even if pleaded. The court in answering said contention, said: "Mental pain and suffering is an element of actual or compensatory damages in this class of cases. . . . Whatever may, then, legitimately tend to show the character and extent of such pain or anguish is clearly admissible. It needs no argument to show that one's mental condition may and generally will, be affected more or less by his immediate surroundings. If, as in this case, a man is arrested and charged with a crime and he has a family depending upon him for a support, one of whom is sick and needing care, it would be natural that such circumstances should tend to increase his mental anguish." Our Supreme Court has not passed upon this question, it

seems. No case from our courts has been cited, nor have we been able to find one. We are inclined, however, to the view expressd in the Alabama and Minnesota cases just referred to, but as the case must be sent back for another trial, we do not definitely decide the point, but suggest that it would be better that the plaintiff amend, alleging such damage.

The court erred in not allowing appellant to show by Jack Parish, appellee's witness, that he (Parish) had a suit against appellant similar to the suit of plaintiff. This testimony was pertinent to show his bias in favor of plaintiff and prejudice against appellant, as he was a brakeman in the crew of plaintiff, who was conductor, at the time of the alleged burglary of the car, and had been charged with the same offense as plaintiff.

Appellant complains of the court in overruling its motion for a new trial on account of improper argument of appellee's counsel. The language used was, "I know Colonel John N. Simpson, and personally I like him, but he has no right, as foreman of the grand jury of this county, being vice-president of the defendant company, to request this court for attendance of witnesses before the grand jury who have been sworn and placed under rule as witnesses in this cause." The objection to this argument was that it was not justified by any evidence in the record and was calculated to prejudice the jury against the defendant. A bill of exceptions was reserved, which the court qualifies by stating "that during the progress of the trial Herbert Ardrey, one of the assistant county attorneys, came into the court room and approached the court and stated to the court that the grand jury had asked him to request this court to release some of the witnesses from the rule, to the end that they might be taken before the grand jury and there examined. One of the plaintiff's counsel immediately objected and stated to the court in the presence and hearing of the jury, that this was a most extraordinary request, and in view of all the facts in the case, one that was calculated to prejudice the plaintiff." The request of the grand jury was denied by the court. This argument was calculated to prejudice the jury against the defendant company, and as we understand the record, there was no sufficient justification for it. The court in its qualification to the bill of exception shows that the assistant county attorney approached the court and asked that some of the witnesses be allowed to go before the grand jury, but it does not show that his remarks were loud enough to attract the attention of the jury trying the case. Nor does it show that the county attorney stated for what the witnesses were wanted. The court, however, states that one of plaintiff's counsel immediately objected and "stated in the *presence* and *hearing* of the jury that this was a most extraordinary request," etc., from which we conclude the matter was brought to the attention of the jury by plaintiff's counsel, and so being, the matter should not have been mentioned to the jury in argument. If the plaintiff's counsel felt the proceeding was prejudicial to his client's interest he should have asked an instruction that the jury disregard it, and not have referred to it in argument to the jury.

In the closing argument one of appellee's counsel used the following language: "It is shown by the evidence in this case that there was an

agreement between Mr. Allen, representing Buchanan, and myself and the county attorney, Mr. Sumners, to the effect that if the grand jury, then in session, should investigate the matter in connection with these charges, if they indicted, we would prepare to defend the case, and if they failed to indict, that should end the matter, and when we asked Mr. Sumners about this defendant's counsel objected." To this argument defendant's counsel objected as having been excluded. Plaintiff's counsel contended that this evidence was admitted, whereupon the court stated it had been excluded. Plaintiff's counsel then apologized to the court and jury. Counsel further on in his argument used the following language: "It is a universal custom here before all magistrates in this county to have no examining trial, and we always wait till the *habeas corpus* proceedings." This was objected to, but plaintiff's counsel was permitted by the court to continue. There being no evidence to warrant this argument the same should not have been made.

The same counsel, in discussing the amount of damages to be allowed, used the following language: "Why, this morning President Roosevelt said those corporations should be controlled, and that he would advise the next Congress to pass some law to control them," and in this connection the same counsel said: "This difficulty of controlling corporations is recognized and as you know the authorities of New York are now agitating the question of municipal ownership of corporations," and upon being told by the court that the argument was improper and to keep in the record counsel continued as follows: "I want to say to you, gentlemen, that the action of this corporation in this matter is unheard of, in fact it is damnable," which was objected to and the court instructed the jury not to consider same. The argument was improper, but as the court instructed the jury not to consider the same, it may be no harm was done to defendant. In view of another trial, however, we remark that the impression made upon the minds of the jury by such argument is not always eradicated by instructions of the court to disregard it, and counsel takes the chances of a reversal in the making of such arguments.

The court refused the following special charge, requested by appellant, viz: "The fact that the indictment found against the plaintiff was dismissed by the county attorney can only be considered by you in passing upon the question as to whether or not the prosecution has terminated favorably to the plaintiff, and you must not consider the same for any other purpose." The refusal of the court to give this charge is assigned as error. This assignment is well taken. (Bekkeland v. Lyons, 72 S. W. Rep., 56.) Where evidence is admissible only for a particular purpose it is error for the court to refuse a charge limiting it to that special purpose. (Spiars v. Dallas Cotton Mills, 32 S. W. Rep., 777.) The court did not, in its general charge, limit the testimony to the special purpose for which it was introduced.

The other assignments of error presented have been duly considered, but none show reversible error.

For the errors pointed out the judgment is reversed and cause remanded for another trial.

*Reversed and remanded.*