W. P. CARMICHAEL CO. v. MILLER.
(No. 5445.)

(Court of Civil Appeals of Texas. Austin. June 2, 1915.)

1. REMOVAL OF CAUSES ⬥48—ACTIONS REMOVABLE—PARTIES.

An action for personal injuries against a corporation domiciled in a foreign state, and its foreman, a citizen of this state, as joint feasors, not being severable, is not removable to the federal courts.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 93, 94; Dec. Dig. ⬥48.]

2. MASTER AND SERVANT ⬥313—INJURIES TO THIRD PERSONS—PARTIES.

A master is responsible to third persons for the negligence of his servant in a joint action against both to recover damages for an injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1238; Dec. Dig. ⬥313.]

3. TRIAL ⬥260 — INSTRUCTIONS — INSTRUCTIONS COVERED.

In an employé's action for injuries, requested instructions covered by the general charge are properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. ⬥260.]

4. TRIAL ⬥240—INSTRUCTIONS—ARGUMENTATIVE INSTRUCTIONS.

Argumentative instructions are properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 561; Dec. Dig. ⬥240.]

5. TRIAL ⬥194 — INSTRUCTIONS — INSTRUCTIONS ON EVIDENCE.

Instructions upon the weight of evidence are properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413–436, 439–441, 446–454, 456–466; Dec. Dig. ⬥194.]

6. TRIAL ⬥253—REQUESTED INSTRUCTIONS—FURTHER INSTRUCTIONS.

It is error to refuse to give an instruction requiring the jury to pass directly upon an issue raised by the pleadings and evidence, and which is not sufficiently covered by the court's main charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. ⬥253.]

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

7. MASTER AND SERVANT ⊂⇒264—INJURIES TO SERVANT—EVIDENCE—ADMISSIBILITY.

In an employé's action for injuries due to falling from a scaffold it was error to admit evidence that a physician employed by defendant to treat plaintiff had mistakenly diagnosed the case and given improper treatment, in the absence of allegations of negligence in that respect.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 861–876; Dec. Dig. ⊂⇒264.]

8. TRIAL ⊂⇒208—INSTRUCTIONS AS TO ERRONEOUS EVIDENCE.

In an employé's action for injuries in falling from a scaffold, where evidence as to negligence and malpractice on the part of the company's physician in treating plaintiff was erroneously admitted and commented upon by plaintiff's counsel in his argument, it was error to refuse to instruct the jury to disregard such evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 504; Dec. Dig. ⊂⇒208.]

Appeal from District Court, Travis County; George Calhoun, Judge.

Action by W. A. Miller against W. P. Carmichael Company and another for personal injuries. From a judgment for plaintiff, defendant W. P. Carmichael Company appeals. Reversed and remanded.

N. A. Stedman and White, Cartledge & Graves, all of Austin, for appellant. T. H. McGregor and Batts & Brooks, all of Austin, for appellee.

RICE, J. During the spring of 1913, appellant, an Indiana corporation, was engaged in the construction of a reservoir just north of the city of Austin, which required the employment of a large number of men. In the course of said work it became necessary to refill the excavation made for the foundation of said reservoir with concrete, and to erect concrete walls thereon above the surface. The plan adopted involved the erection of tramways on which loaded cars of concrete could be transported from a point contiguous to the site of said reservoir to various points in and above said excavation where such concrete was needed. These tramways were some 15 or 16 feet from the surface of the ground. Appellee had been employed as a helper, but at the time of the accident was engaged in operating the concrete mixer, and on the morning of April 22d he was directed by H. A. Burns, foreman in construction of said work, who resides in Travis county, to go up and aid one Thompson who was preparing to draw up a turntable from the bottom of the excavation to the top of the tram; that such work involved the erection on said tramway of a scaffold to which was to be attached a pulley and rope to be used in raising said turntable from the ground below to a point on a level with said tramway, so that a switch track could be connected with said tramway at said point on which to place empty cars, so that loaded cars might pass on the tramway; that in pursuance of said order, appellee went upon said tramway with said Thompson, and there began the erection of said scaffold, consisting of three pieces of 4x4 timber, from 8 to 10 feet long, which were lashed together at the upper end, the object being to make a tripod, two feet of which were to rest on the tramway and the other foot in a slot against the wall of the reservoir; that while attempting to lash one foot of the tripod to the railing of the tramway, a strong wind which was blowing overturned it, whereby plaintiff was thrown to the ground below, resulting in serious and permanent injury, and this suit is brought by him against appellant and said Burns to recover damages therefor, alleging negligence on their part in failing to have some one in supervision of said work, the same being dangerous and complicated, and likewise in not having a sufficient number of men to perform the same in safety. Appellant sought the removal of the case to the federal court, alleging fraudulent joinder of the local defendant Burns, charging that the allegations as against him were false. On this issue of fact a preliminary hearing was had in the state court, at the conclusion of which said application for removal was overruled. After a general demurrer and a number of special exceptions appellant specially denied that Burns was foreman in authority over appellee when he was injured, or that he had ordered appellee to do said work; a special denial that the work was dangerous or complicated, or that it required the supervision of a foreman. It further denied that the force of men was insufficient, or that appellee's fall was caused by negligence in either of the particulars charged, and expressly denied that appellee or his co-worker was inexperienced, or that the work was novel to them. In addition, appellant pleaded contributory negligence, assumed risk, and that Thompson was a fellow servant of appellee. Much of the above statement is taken from appellant's brief. A jury trial resulted in a verdict and judgment for appellee against both defendants for $15,000, from which appellant alone has prosecuted this appeal.

[1, 2] The court did not err in refusing to remove the case to the federal court. The controversy, as alleged, was not a severable one. In Alabama Railway Co. v. Thompson, 200 U. S. 216, 26 Sup. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147, it is held that a case cannot be removed to the federal court unless it presents a separable controversy, wholly between citizens of different states, and that in determining this question the law looks to the case as made by the pleadings, and determines whether the state court should be compelled to surrender its jurisdiction to the federal court. In the present case appellant and its codefendant Burns were charged as joint tort-feasors. The master is responsible to third persons for the negligence of his servant in a joint action against both to recover damages for an injury. See Alabama

---

Ry. Co. v. Thompson, supra. It is true that appellant alleged a fraudulent joinder, but such allegation alone was not sufficient to oust the jurisdiction of the state court. See Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U. S. 146, 34 Sup. Ct. 278, 58 L. Ed. 544. Besides this, the jury found against both defendants, which negatives the idea of fraudulent joinder. In this connection, see, also, Southern Ry. Co. v. Harrison, 73 Tex. 103, 11 S. W. 168; N. Y., etc., Ry. Co. v. Martin (Civ. App.) 25 S. W. 475.

We think the evidence presented an issue of fact which was correctly submitted for the consideration of the jury; hence the court did not err in overruling appellant's request for a peremptory instruction in its behalf.

[3-5] The third, fourth, fifth, and sixth assignments of error complain of the refusal of the court to give appellant's special charges Nos. 24, 3, 7, and 8, enumerating certain conditions, which, if the jury found to exist, would exonerate appellant from liability. These features of the case, to which reference is made in said charges, were covered by the general charge of the court. Apart from this they were, in our opinion, argumentative, and some of them upon the weight of the evidence, and therefore were correctly refused.

[6] Appellant requested the court to submit the following special issue, which was refused:

"At the time that plaintiff went upon the tramway and began the erection of the tripod, did he know and appreciate the dangers and risks of doing said work with the help of his coworker Thompson only, and under all the conditions then existing?"

This charge should have been given, because it required the jury to pass directly upon one of the issues raised by the pleadings and evidence, and which was not sufficiently covered by the main charge. See M., K. & T. Ry. Co. v. McGlamory, 89 Tex. 639, 35 S. W. 1058; G. C. & S. F. Ry. Co. v. Shieder, 88 Tex. 167, 30 S. W. 902, 28 L. R. A. 538. One of the contentions of appellant was that the danger was open and obvious to appellee; therefore the charge requested was pertinent and, under the theory of the cases above cited, should have been given.

[7, 8] During the progress of the trial it was shown that immediately after the accident one of the company's physicians was called to attend and treat appellee. There was evidence introduced over appellant's objection tending to show that he misdiagnosed the case, and that the treatment given was improper, from which great pain and injury resulted to appellee. The evidence tends to show that the hip joint was fractured, but the treatment was for dislocation instead of a fracture, and that when appellee was discharged by said physician he was told by him that there was a union of the bones of his hip, when in fact there was no such union. There was other evidence tending to show neglect and improper treatment on the part of the company's physicians, which it is unnecessary to set out. Appellant was not charged with negligence in selecting said physician, nor is it alleged that the treatment administered was improper. The treatment, however, was set out in detail in the petition; but it was not alleged that appellee's injuries were aggravated or his suffering increased as the result of improper treatment, and no damages were sought therefor. As illustrative of the effect of said evidence upon the jury, on motion for new trial two of them, in substance, testified that they considered that his, appellee's, condition was due partly to neglect of the physicians, who were the company's doctors, for which reason they charged it up to the company; that if the doctors had not been the company's doctors they would not have considered that they had the right to charge it up to the company; that such fact of negligence and improper treatment influenced their verdict. And in the closing argument, counsel for appellee was permitted to advert to and recite portions of the evidence tending to show malpractice. Whereupon appellant requested and the court refused to give the following special charge:

"You are instructed that the question as to whether or not any treatment administered by any physician to the plaintiff was proper or improper is not an issue in this case; and in arriving at your verdict or in answering any of the special issues submitted to you, you are instructed that you cannot take into consideration the question as to whether or not any treatment administered to plaintiff by any physician was proper or improper."

Under the pleadings, the evidence outlined was objectionable, and should not have been admitted, and it was error on the part of the court to refuse to give said special charge. See Walker v. Brown, 66 Tex. 556, 1 S. W. 797; M., K. & T. Ry. Co. v. Collins, 15 Tex. Civ. App. 21, 39 S. W. 150; Bell v. M., K. & T. Ry. Co., 36 Tex. Civ. App. 569, 82 S. W. 1073; M., K. & T. Ry. Co. v. Cherry, 44 Tex. Civ. App. 232, 97 S. W. 712; Halsell v. Decatur Cottonseed Oil Co. (Civ. App.) 36 S. W. 848.

We sustain the fourteenth assignment of error relative to the admission of evidence tending to show malpractice on the part of one of the company's physicians, for the reason that there was no allegation in the pleadings to warrant its introduction.

The remaining assignments have been carefully considered, but are regarded as without merit, and are therefore overruled; but, for the reasons indicated, the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.