Adopted February 17, 1891.

---

WILSON GREEN v. TAYLOR, BASTROP & HOUSTON RAILWAY COMPANY.
No. 3006.

1. **Damages for Overflowing Lands.** — The proper rule in such cases is given in Railway v. Helsley, 62 Texas, 596: "If crops have been destroyed or damaged by the negligence or wrong of the railway company in causing overflows, etc., then the owner is entitled to recover their value, and if the land has been rendered less productive or otherwise injured, then he is entitled to recover such damage as will be a fair compensation to him for the loss sustained; and from time to time if injury results to him from the negligence or wrong continuing, he will be entitled to relief by a proper action or actions."

2.  **Permanent Injury to Land.**—The evidence not showing any change of condition in the surface of the soil or any permanent injury to the land itself, it was proper for the court to withdraw that question from the jury.

3.  **Injury to Grass, Crops, etc.**—Plaintiff sued the railway company for negligently overflowing his lands, causing loss and injury to corn and cotton crops and to grass. The charge submitted the injury to the *crops*. *Held*, that the omission of damages to the grass was a material error, there being testimony to its injury.

4.  **Irrelevant Testimony—Adjoining Lands.**—Testimony to the condition of adjoining land as bearing upon that alleged to have been injured should not be allowed unless the condition of the two places with respect to productiveness should be proved in every material particular. It is insufficient that they were contiguous and of same elevation.

5.  **Irrelevant Testimony.**—Over objections it was improper to allow the testimony of a witness touching the condition of the land injured, viz.: "Several years ago I bought the tract of land now owned by plaintiff. At that time I contended that the portion of the same where the railway now runs was low, wet land, and was only fit for pasture purposes."

APPEAL from Fayette. Tried below before Hon. H. Teichmueller. The opinion contains a statement.

*J. Lane* and *A. L. Jackson*, for appellant.—1. A railroad is a permanent structure, and if the railroad in question as it existed damaged plaintiff's land and made it less valuable it was a permanent injury. At least the jury should have been permitted to pass upon this question. Railway v. Long, 1 Ct. App. C. C., secs. 559–561; Railway v. Clefton, 2 Ct. App. C. C., sec. 489.

2. Appellant alleged in his petition that he was damaged by reason of the overflows preventing him from planting his crops in proper season, and that the overflows damaged his grass. These allegations were supported by the evidence, and the court should have charged the jury upon the measure of damages incident to such allegations and proof. Smithwick v. Andrews, 24 Texas, 495.

3. Where the verdict of the jury and the judgment rendered thereon are manifestly against the law and the evidence, upon a proper motion by the injured party the court should grant a new trial, and it is material error not to do so. Railway v. Preston, 74 Texas, 181; Railway v. Helsley, 62 Texas, 593; Railway v. Hadnot, 67 Texas, 503; Rev. Stats., art. 4171.

*J. C. Brown*, for appellee.—1. The pleadings do not set forth such facts as show a permanent damage to the land of plaintiff, and the undisputed evidence shows that none such existed. Railway v. Helsley, 62 Texas, 596; Railway v. Tait, 63 Texas, 226; Railway v. Seymour, 63 Texas, 346; Railway v. Schofield, 72 Texas, 496.

2. In all cases when a legal recovery can not be had upon any particular issue involved, it is the duty of the court to so instruct the jury. Grinnan v. Dean, 62 Texas, 218.

3.   There was no error in the court's charge in the particulars complained of; but if there was, it was immaterial and is not cause for reversal of the judgment, because the questions of damage or no damage to plaintiff's property, of liability of defendant or no liability were properly submitted by the court to the jury upon the evidence, and they having found that issue against plaintiff, the true measure of his damages in case they had found for him became immaterial.   Railway v. Hardy, 61 Texas, 232.

4.   An examination of the entire evidence in the record will show that plaintiff's claim is absolutely unfounded and that the verdict was rightfully accorded defendant, and being one in a thousand in favor of a railway company on a disputed issue of fact, it ought not to be disturbed.

HENRY, ASSOCIATE JUSTICE.—Appellant brought this suit to recover damages.   His petition charged that the damages were caused by the unskillful construction of defendant's railroad by reason of which the surface water, which had previously flowed away from his land, was thrown back upon it, overflowing about 25 acres of cultivated land and about 15 acres of pasture land at several different dates during the years 1887, 1888, and 1889, for several days continuously in each instance; that such overflows will continue so long as the railroad is left in its present condition, and have diminished the value of the land as much as one half, or $12.50 per acre; that by reason of overflows in the spring of the years 1888 and 1889, causing delay in planting, plaintiff's crops were damaged $200 each year; and that the effects of the overflows in the summer and fall of said years were to damage plaintiff's cotton crop in each of said years $250; and that said overflows damaged the grass growing on said land each of the years 1888 and 1889, $50.

The plaintiff introduced evidence showing the occurrence and continuance of the overflows substantially as alleged, and also that they were caused by the construction of defendant's road.   The evidence with regard to injury caused to the land did not show any change of condition in the surface of the soil or any permanent injury to the land itself, except the conclusion of the witness that the land had been permanently damaged from "$4 to $5 per acre."   The evidence of the plaintiff tended to show damage to grass and crops of cotton and corn produced by recurring overflows.

. The court charged the jury that there was no evidence before them that would entitle the plaintiff to recover for any permanent injury to his land or depreciation of its value.

The appellant contends that the charge was erroneous, because all of the facts were in evidence before the jury, and it was for them and not the court to determine whether or not the injury was permanent.

The proper rule in such cases was stated by this court in the case of the Gulf, Colorado & Santa Fe Railway Company v. Helsley, 62 Texas,

596. It is there said: "If the appellee's crops have been destroyed or damaged by the negligence or wrong of the appellant in the matters complained of, then he is entitled to recover their value, and if his land has been rendered less productive or otherwise injured, then he is entitled to recover such damage as will be a fair compensation to him for the loss thus sustained; and from time to time if injury results to him from the negligence or wrong continuing he will be entitled to relief by a proper action or actions."

If there had been any evidence of a permanent injury to the land itself, then the question whether or not the evidence sustained the plaintiff should have been submitted to the jury; but if there was no evidence that a permanent injury to the soil had been produced it was the duty of the court to say so to the jury. On the case made by the record we think the charge was correct.

It is contended that "The court erred in giving the charge, 'If you should find for the plaintiff, the measure of damages, if any, is the actual injury which the evidence may show his crops have actually sustained on the land at the times overflows may have been shown to have occurred, and by reason of the construction of defendant's road,' for the reason that thereby the jury were excluded from the consideration of any damages which plaintiff sustained by reason of said overflows having injured his grass, and also any damage he sustained by reason of not being able to plant his crops in proper season, their finding for plaintiff, if any, being limited to the actual injury to the crops on the land at the time of such overflow."

We fail to see why the jury need have been misled into the belief that the charge precluded the recovery of damages to crops caused by overflows that delayed their being planted. If the plaintiff entertained a doubt upon the subject, it would have been proper for him to have called the attention of the court to the omission by requesting a charge.

We do not feel so sure, however, that the omission in the charge to mention the damage to the pasture or grass was not such an error as should lead to a reversal of the cause. There was evidence to support the issue. While grass may in a general sense be considered a crop, we do not think, when the pleadings, evidence, and the charge are considered as a whole, that the jury were likely to have understood it as included in the charge given as one element of plaintiff's case. As quoted in the above paragraph and at the close of the charge, the error we think amounts to something more than a mere omission to state an additional issue which it would have been the duty of the plaintiff to have pointed out by requesting an additional instruction.

Over the objections of plaintiff the defendant was permitted to prove that the "Tilman Eanes" place, which was situated near plaintiff's land, was during the years 1888 and 1889 too wet to cultivate properly one

year or at all the other year. In the bill of exceptions taken by plaintiff to the admission of the evidence the court states that it was allowed because "the tract of land to which the testimony relates was claimed to be contiguous to the land in controversy and of the same elevation."

Before such a test can be properly applied the condition of the two places with regard to the production of a crop should be proved in every material particular. Such evidence can scarcely ever be of a very satisfactory character.

The evidence does show that the two places are contiguous to each other, and with regard to their respective "elevations" a witness testified as follows: "The water that went south through plaintiff's land before the railroad was built overflowed from the lake when there was more than could go through the eastern outlet and backed up through the low place on plaintiff's land across which the road is built, and this low place continues on southward through the 'Tilman Eanes' place and the Tate place, on which it emptied the excessive water into Hill's Branch."

We do not think that there was sufficient evidence of similar conditions affecting the two places to justify the admission of the evidence.

Another witness was permitted, over plaintiff's objection, to testify as follows: "Several years ago I bought the tract of land now owned by plaintiff. At that time I contended that the portion of the same where the railroad now runs was low, wet land, and was only fit for pasture purposes." We think the objection should have been sustained.

And generally upon this branch of the case, while the witnesses may be permitted to testify to facts relating to the condition of the land, we do not think that their motives nor their negotiations relating to previous purchases or sales of it should be admitted when objected to.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered February 17, 1891.