R. V. BELL v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY
OF TEXAS.

Decided October 15, 1904.

**1.—Railroads—Injury to Land by Overflow—Evidence.**

In an action for injury to a farm caused by an overflow resulting from the improper construction of a railway embankment and bridge, it was error to admit evidence that other lands in the same vicinity and on the same stream were overflowed and other damage done at the same time the injury to plaintiff's land occurred, there being no further proof as to similarity of location, surroundings and conditions, nor any evidence that such other lands were no more subject to overflow than plaintiff's.

**2.—Same—Charge Limiting Effect of Evidence.**

If such evidence was admissible to show that the storm causing the overflow was an unprecedented one, the charge should have limited its effect accordingly, due request having been made for such an instruction.

Appeal from the District Court of Cooke. Tried below before Hon. D. E. Barrett.

*Culp & Giddings,* for appellant.

*Eldridge & Midkiff,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellant, who owns a farm a few miles east of the city of Gainesville, sued the appellee, whose line of railway extends along the south boundary of his farm, to recover damages alleged to have been occasioned by an overflow of his farm resulting from the negligence of the railway company in the construction of its railroad embankment and bridges across Wheeler Creek. The appellee pleaded that the overflow was not due to any negligence upon its part, but was the result of an unprecedented storm. A trial resulted in a verdict in favor of the railway company.

We hardly think there is any merit in the appellant's assignments complaining that the court's charge limited the appellee's liability to acts of negligence growing out of the original construction of the bridge across the creek in question. It appears from the testimony that much of the obstruction to the flow of the water was occasioned by the dumping of a quantity of rock into the channel of the creek prior to the overflow, but long after the original construction of the bridge. But the court's charge should probably receive a more liberal interpretation at our hands, and be held to embrace not only faulty construction in the first place, but other obstructions subsequently created. However this may be, any doubt upon this question can be easily obviated upon another trial.

It will be necessary to reverse the judgment, however, for the error of the court in admitting the evidence of Davis, Probstle and other witnesses, to the effect that other lands were overflowed and other damage done at the same time the injuries to appellant's land occurred. It is true the other lands are shown to be in the same vicinity, upon the same

stream, and to have been inundated by the same flood, but this falls far short of showing such similarity of location, surroundings and conditions as to justify the introduction of such collateral issues. Some of the lands about which the witnesses testified were even situated on the stream below appellee's bridge and embankments, and there is no attempt to show that any of them were no more subject to overflow than appellant's. Gulf C. & S. F. Ry. Co. v. Locker, 78 Texas, 279, 14 S. W. Rep., 612; Gulf C. & S. F. Ry. Co. v. Nicholson, 25 S. W. Rep., 54; St. Louis & S. F. Ry. Co. v. Craigo, 10 Texas Civ. App., 238, 31 S. W. Rep., 207; Missouri K. & T. Ry. Co. of Texas v. McGregor, 68 S. W. Rep., 711; Farnham on Waters and Water Rights, sec. 585.

It is insisted that the testimony was properly admitted for the purpose of showing that the storm was unprecedented, and the overflow such as not to be reasonably anticipated; but as presented to us the testimony certainly does not do so, nor does it even tend in that direction. For aught that appears all of these lands were so situated with reference to the stream that they were constantly overflowed, even to the extent here shown, upon the most ordinary occasions. The mere fact that farms along a stream are overflowed and damage to growing crops done does not show, or even tend to show, that such an occurrence is unprecedented. But if we are in error in this and the testimony was properly admitted upon the issue referred to, yet it clearly could not be considered for any other purpose, and appellant was entitled to have the jury so instructed upon requesting a charge to that effect, which he did. This charge the court declined to give. Bekkeland v. Lyons, 72 S. W. Rep., 56. With this evidence before the jury, and without any limitation whatever as to the effect to be given to it, the jury might well consider that appellee's bridge and embankment did not cause the overflow of appellant's lands, inasmuch as other lands which were entirely unaffected by these structures were also overflowed and the crops destroyed. We can not assume that they did not so weigh the testimony.

Other criticisms of the charge we think are without merit. The judgment is reversed and the cause remanded.

*Reversed and remanded.*