## WESTERN UNION TELEGRAPH COMPANY v. L. L. SLOSS.

### Decided January 30, 1907.

**1.—Telegraph—Contract—Lex Loci.**

An action for damages for delay of a telegram sent to plaintiff in Texas from a point outside the State will be governed by the law of Texas permitting recovery for mental suffering unaccompanied by physical injury, though a different rule prevailed as the local law of the place from which the message was sent.

**2.—Proof of Foreign Law.**

Evidence considered and held not sufficient to prove the law of the Territory of Arizona, as to the recovery of damages for merely mental suffering, to differ from that recognized by the courts of Texas.

**3.—Same—Statement of Facts.**

Where foreign statutes and decisions were introduced in evidence, but are only referred to and not copied in the statement of facts, the Appellate Court can not examine them to determine their effect as proof of the foreign law, but must assume that they would support the finding of the court.

**4.—Bill of Exceptions—Excluded Evidence.**

The bill of exceptions to the exclusion of a part of an answer in the deposition of a witness—the ground being that it was necessary to the understanding of the remainder of the answer—must show that such remainder of the answer was introduced in evidence.

**5.—Argument of Counsel.**

Improper argument of counsel was not ground for reversal where it was provoked by like impropriety of appellant's counsel and the jury, on objection, were directed by the court to disregard it.

**6.—Damages.**

Verdict for $1,995 as damages caused to an aged father by delay of a telegram, causing his failure to be with his son before the latter's death, sustained as not excessive.

Error from the District Court of Hays County. Tried below before Hon. L. W. Moore.

*Geo. H. Fearons, L. A. Hill* and *N. L. Lindsley,* for plaintiff in error.
—The territory of Arizona being a part of the domain over which the
general government exercises control, the rules of the common law as
applied in the United States Supreme Court and Circuit Courts of
Appeal, and U. S. Circuit Courts, will apply to said territory where
there is no statute changing the common law.   Patterson v. Winn, 30
U. S., 233 (5 Pet.); Scott v. Neely, 140 U. S., 106; Thompson v.
Railroad Companies, 73 U. S., 134.

The English common law, where consistent with the federal and State
constitutions and statutes forms part of the common law as administered
by the Federal Courts.   Van Ness v. Pacard, 27 U. S., 137; Wheaton v.
Peters, 33 U. S., 591; Western U. Tel. v. Call Pub. Co., 181 U. S., 94;
Smith v. Alabama, 124 U. S., 465; Mathewson v. Phoenix I. F., 20
Fed. Rep., 281.   Damages for mental anguish alone, etc., not recoverable
at common law.   Lynch v. Knight, 9 H. L. Cas., 577, and cases cited
therein; 27 Am. & Eng. Ency. of Law (2d ed.), 1073.   Adoption of
common law.   McKennon v. Winn (Okla.), 22 L. R. A., 501, note.

Such damages not recoverable in the Federal Courts, and by analogy
in Supreme Court of United States.   Western U. Tel. Co. v. Wood, 57
Fed. Rep., 471, 66 C. C. A., 431-452, 21 L. R. A., 706; Western U.
Tel. Co. v. Sklar, 126 Fed. Rep., 296 (C. C. A.), and numerous cases
therein cited; Kennon v. Gilmer, 131 U. S., 22; Vicksburg v. Putman,
118 U. S., 557, and cases cited, holding that when mental anguish is
accompanied with physical injury or pecuniary loss damage for same
is recoverable.   Acts of Congress March 3, 1891, chap. 517, and amend-
ments; Compiled Statutes of U. S., vol. 1, p. 547; Richards v. Green,
32 Pac. Rep., 266.

The court erred in striking out part of the answer of the witness
Street, in answer to defendant's cross interrogatory No. 9, because said
latter part of the answer to the said interrogatory is explanatory to the
former part, and qualified the meaning of the answer of said witness.
Jones on Evidence, sec. 814; Griffith v. Utica & M. Ry., 17 N. Y., 692.

*Will G. Barber,* for appellee.—The law of Texas furnished the measure
of damages and not the law of Arizona.   Western Union Tel. Co. v.
Blake, 68 S. W. Rep., 526; Beach on Modern Law of Contracts, sec.
592; Burgess v. Western Union Tel. Co., 92 Texas, 127, 128; Southern
K. Ry. Co. v. Burgess Co., 90 S. W. Rep., 192, 193.

Unless appellant both alleged and proved that the law of Arizona
was different from that of Texas, our courts will apply and enforce the
latter, since it is the only rule of decision known to them.   Blethen v.
Bonner, 93 Texas, 143; James v. James, 81 Texas, 381; Tempel v.
Dodge, 89 Texas, 68; Crosby v. Huston, 1 Texas, 231; Marsters v. Lash,
61 Cal., 624.

Courts may look to the reported decisions of the courts of other States
or jurisdictions to aid the court in determining what our own law is,
but not to advise itself as to what is the law of that other jurisdiction.
Pacific Ex. Co. v. Pitman, 71 S. W. Rep., 312; Ferd Heim Brewing Co.
v. Gimber, 72 Pac. Rep., 859; New York L. Ins. Co. v. Orlopp, 61 S.
W. Rep., 338, 339.

Appellant failed to show by the evidence in this case that the law of

Arizona was such as to prevent a recovery under our law for "mental anguish." Western Union Tel. Co. v. McNairy, 78 S. W. Rep., 968.

The rules require all documentary evidence to be set out in full in the statement of facts, and it is not sufficient merely to recite that some decision was introduced in evidence, and refer to some report thereof. When this is done, the presumption is that the reports introduced in evidence support the action of the trial court. National Bank of Commerce v. Kenney, 98 Texas, 298.

Where the jury are distinctly instructed by the court to disregard the alleged improper argument, no reversible error is shown, unless it appears with reasonable certainty that they did not do so. Hogan v. Missouri, K. & T. Ry., 88 Texas, 685; Brown v. Perez, 89 Texas, 286; Galveston, H. & S. A. Ry. v. Duelin, 86 Texas, 454; International & G. N. Ry. v. Greenwood, 21 S. W. Rep., 559; Tyler Co. v. St. Louis S. W. Ry., 55 S. W. Rep., 350; Sherman S. & S. Ry. v. Bell, 58 S. W. Rep., 147.

A party may not complain of argument provoked by that of his own counsel. Gulf, C. & S. F. Ry. v. Scott, 26 S. W. Rep., 995; Willis v. McNatt, 75 Texas, 76.

EIDSON, ASSOCIATE JUSTICE.—This is a suit brought in the court below by defendant in error against plaintiff in error for damages on account of its alleged failure to promptly transmit and deliver a telegraphic message. The trial before court and jury resulted in a verdict and judgment in favor of defendant in error for the sum of $1,995. The telegram was delivered to plaintiff in error at Yuma, Arizona Territory, for transmission to and delivery at Buda, Texas. The damages sought to be recovered in this suit are predicated solely upon the mental anguish suffered by defendant in error, as the direct and proximate result of the failure of plaintiff in error to promptly transmit and deliver the message.

Plaintiff in error's first and second assignments of error complain of the refusal of the court below to give to the jury its requested peremptory instruction to render a verdict in its favor, upon the ground that under the laws of Arizona Territory damages can not be recovered for mental anguish alone when unaccompanied by any physical injury to the person or pecuniary loss. While there is a conflict in the decisions of two of the Courts of Civil Appeals upon the question as to whether the law of the place where the telegraphic message was delivered and received for transmission and delivery, or that of the place to which it was to be transmitted and at which it was to be delivered should control in the construction of the contract, the San Antonio Court, in the case of Western U. Tel. Co. v. Blake, 68 S. W. Rep., 526, holding that the law of the latter place governed, and the Ft. Worth Court in the case of Western U. Tel. Co. v. Cooper, 69 S. W. Rep., 427, holding that the law of the former place mentioned controlled, the Supreme Court refused a writ of error in the latter case, and in the case of Western U. Tel. Co. v. Waller, 74 S. W. Rep., 751, expressly approved the holding of the Ft. Worth Court on said question; and we hold in accordance with the ruling approved by the Supreme Court.

In order that the law of a different jurisdiction than that of the forum (being different from that of the forum) shall be applied in the

case on trial, it must be both alleged and proven. (Blethen v. Bonner, 93 Texas, 143; James v. James, 81 Texas, 381; Tempel v. Dodge, 89 Texas, 68; Crosby v. Huston, 1 Texas, 231.) Plaintiff in error alleged that the laws of Arizona upon the question involved were different from those of Texas, but before we would be authorized to say that the court below erred in not giving to the jury plaintiff in error's peremptory instruction, we must conclude that the uncontroverted evidence showed what the laws of Arizona upon the question were, and that they were different from those of Texas. The expert testimony embraced in the record shows that the courts of Arizona have never passed upon the question under consideration, neither has the Supreme Court of the United States; and if we regard the decisions in the cases of Western U. Tel. Co. v. Wood, 57 Fed. Rep., 471 and Western U. Tel. Co. v. Sklar, 126 Fed. Rep., 296, by the United States Circuit Court of Appeals of the Fifth Circuit as being embraced in the statement of facts, the testimony of the expert witnesses tends to prove that the courts of Arizona are not bound by said decisions, as they are not embraced in the circuit in which said decisions were made; and no authorities have been cited by plaintiff in error which, in our opinion, hold that the decisions of the Circuit Court of Appeals in one circuit are binding upon the territorial courts situated within another circuit. The case of Richards v. Green, 32 Pac. Rep., 266, only holds that the territorial courts of Arizona must follow the decisions of the Supreme Court of the United States.

We do not think the contention of plaintiff in error that the United States Supreme Court, in the case of Kennon v. Gilmer, 131 U. S., 22, decided that damages for mental anguish, unaccompanied with physical injury, could not be recovered, can be sustained. This particular question was not presented for decision in that case; and while that court approved the charge given by the trial court which did not permit a recovery for mental anguish unaccompanied by physical injury, such approval, in our opinion, does not necessarily embody or carry with it the determination that mental anguish, unaccompanied with physical injury, is not an element of damage for which damages can be recovered.

We are also of opinion that the contention of defendant in error that, as the statement of facts in the record fails to show what was the holding of the courts in the cases of Richards v. Green, Western Union Tel. Co. v. Wood and Western U. Tel. Co. v. Sklar, supra, we must presume that it was such as would support the action of the court below in refusing to instruct a verdict for plaintiff in error, should be sustained. In the case of National Bank of Commerce v. Kenney, 98 Texas, 298, 299, our Supreme Court uses this language:

"Though not necessary to a decision of the case as here presented, we take occasion to say that we are of opinion that we are not at liberty to go outside of the statement of facts and to consult the references there found in order to ascertain the contents of the statute or of the opinion of the Supreme Court of Missouri, to which such references are there made. Suppose that in a statement of facts there should be a reference to the pages of a certain volume of the county records as containing a copy of a deed, and that its contents should not be given,

would we be authorized to examine the book, in order to ascertain the nature and effect of the deed? We think not. However, we think that in this case we should apply the rule which was followed in Lee v. Kingsbury, 13 Texas, 68. There it appeared that a judgment and execution were introduced in evidence, but by express agreement of counsel they were omitted from the statement of facts. The court held that under the circumstances it was to be presumed that their contents were such as would support the judgment. So here, counsel for both parties have agreed to the statement of facts and it has been approved by the trial judge; and the contents of the statute and of the opinion of the Supreme Court of Missouri have been omitted; and therefore, as we think, we should hold that the statute and opinion were such as would support the ruling of the court."

In the present case the statement of facts, which was agreed to by counsel for both parties and approved by the trial judge, shows only the following as the proof adduced in reference to the cases mentioned above:

"15.—Defendant also offered in evidence the case of Richard v. Green, 32 Pac. Rep., 266; Western U. Tel. Co. v. Wood (C. C. A.), 57 Fed. Rep., 471; Western U. Tel. Co. v. Sklar (C. C. A.), 126 Fed., 296. Both of said cases from the Circuit Court of Appeals, Fifth Circuit."

While we agree with the insistence of plaintiff in error that it was not necessary under the rules of the District Court for the preparation of statements of facts for the entire language of the decision to be copied into the statement, we think it was necessary for the statement of facts to show what the holding or ruling in each decision was; and that simply giving the style of the case, the name and page of the report where it could be found, was not sufficient, but if there is a dispute or controversy as to what is decided by a decision offered in evidence, then so much of the decision should be copied into the statement of facts as may be necessary to enable the Appellate Court to determine what was decided by such decision. (Rules for Dist. Courts, 72-76, 84 Texas, 718.)

By its third assignment of error plaintiff in error contends that the court below erred in striking out part of the answer of the witness, Webster Street, in answer to defendant's cross-interrogatory No. 9, because said latter part of the answer to the interrogatory is explanatory of the former part, and qualified the meaning of the answer of said witness. Defendant in error objects to the consideration of this assignment for the reasons substantially, that the bill of exceptions upon which this assignment is predicated does not disclose the name of the witness, a part of whose answer was stricken out, and that it does not appear from the bill that any part of the answer to the interrogatory was admitted in evidence. The first reason advanced might not be sufficient to preclude consideration of the assignment but we are disposed to think the second is. Since plaintiff in error's ground of complaint is based upon the claim that the part stricken out should have been admitted with the other in order to explain and qualify it, unless it appears from the bill that the other part was admitted, the bill fails to show any injury caused by the action of the court of which complaint is made. However, the cross-interrogatory a part of the answer to which is alleged to have been

stricken out, was improper in that the answer elicited was irrelevant and immaterial to any issue in the case; and if objection had been made thereto and to the answer, doubtless the court would have stricken out both. The material inquiry was as to what the laws of Arizona at the date of the contract were, and not what they might be sometime in the future. The part of the answer stricken out could have had no legitimate bearing upon that issue. Hence the action of the court was not error.

Plaintiff in error's fourth assignment of error is overruled. In our opinion the language of the message, in connection with the information given the operator and agent of plaintiff in error at the time the message was delivered for transmission, was amply sufficient to apprise it of the nature and importance of the message.

The verdict of the jury involves a finding that defendant in error, if the telegram had been promptly transmitted and delivered would have gone to and reached his son, Alex Sloss, prior to his death, and we think this finding is supported by the evidence. The testimony that Kettler lived in El Paso, and that he met defendant in error there when he arrived, tends to show that he would have done so at an earlier date, especially as there is no testimony tending to show the contrary. However, the jury were not required to base their finding solely upon their belief that defendant in error would have been met by Kettler at El Paso, as the testimony of defendant in error tends to show that he would have continued the journey to where his son was, and have reached him prior to his death, regardless of whether or not Kettler met him at El Paso. Hence plaintiff in error's fifth assignment of error is not well taken.

Plaintiff in error's sixth assignment of error insists that a new trial should have been granted it upon the ground that the verdict of the jury is excessive, and shows that the jury were swayed by passion and prejudice induced by improper remarks of counsel for defendant in error in his closing argument. It appears from the qualifications and explanations of the trial judge appended to plaintiff in error's bill of exceptions taken to the alleged improper remarks of counsel for defendant, that such remarks were provoked by language used by counsel for plaintiff in error in his argument to the jury. This being true, plaintiff in error had no legitimate ground for complaint. It further appears from the statement of the judge attached to said bill of exceptions that the court instructed the jury fully and distinctly that they should not consider but wholly disregard the argument, and not permit themselves or their verdict to be in the slightest affected thereby; and the matter was not further referred to in any way by anyone in the further progress of the trial, and there was nothing to indicate that the jury failed to observe the instructions of the court to disregard the argument, and that counsel for defendant asked no written charge to the jury to disregard the same. Nothing appears upon the record showing that the jury were actuated by passion or prejudice or other improper influence in arriving at the amount of the verdict. The amount does not strike the mind as being disproportionate to the degree or extent of mental suffering that would ordinarily be experienced by the father who entertained the usual affection of a father for a son on account of being deprived of being with

the son during his last moments on earth; and we do not think that the advanced age of the father would lessen the poignancy of the grief.

The judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.