San Antonio & Aransas Pass Railway Company v. L. D. Kiersey et al.

No. 1819.    Decided April 29, 1908.

**Evidence—Overflow—Condition of Other Lands.**

On the issue as to whether the construction of a railway across a bayou had caused plaintiff's lands thereon to become boggy and not to dry out after overflow, evidence that no such condition was observed on the lands of another proprietor on the bayou three or four miles above was too remote and was inadmissible. Green v. Taylor, B. & H. Ry. Co., 79 Texas, 608, and Gulf C. & S. F. Ry. Co. v. Locker, 78 Texas, 279, followed. (P. 514.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Falls County.

Kierseys sued the railway company and recovered judgment. Defendant appealed, and on affirmance obtained writ of error.

A. W. Houston, R. J. Boyle and Baker & Thomas, for plaintiff in error.—The evidence complained of was inadmissible. Green v. Taylor, B. & H. Ry. Co., 79 Texas, 608; Gulf, C. & S. F. Ry. Co. v. Locker, 78 Texas, 279; Bell v. Missouri, K. & T. Ry. Co., 36 Texas Civ. App., 569.

J. M. Martin, E. M. Eddins and Rice & Bartlett, for defendants in error.

Mr. Chief Justice Gaines delivered the opinion of the court.

B. F. Kiersey and L. D. Kiersey each brought a suit against the San Antonio & Aransas Pass Railway Company to recover damages for injury to their land and crops alleged to have been caused by a defective trestle across Cow Bayou. The suits were tried together as one and resulted in a judgment in favor of each of the plaintiffs.

The case made by plaintiffs is as follows: They owned lands lying on the south side of Cow Bayou and partly in the valley of that stream. The stream at that point runs east and west. The railroad company constructed its line running north and south across the valley of said stream a little below such lands—putting in a dump and trestles. They alleged that the dump and trestle was so negligently constructed as to be insufficient to permit the flow of water down by the Bayou in its usual course, that thereby the channel of the stream was filled up with mud, drift collected and

the water so dammed up that it overflowed their crops and rendered their lands unfit for cultivation. They introduced testimony tending to show that before the railroad was built, the water that fell upon their lands from rains, percolated through the soil and flowed out in streams along the bank of the creek; but that since the building of the dump and trestle, after a heavy rain the water stood upon their lands for many days rendering it boggy and incapable of cultivation. In order to show that this was caused by the dump and trestle of the railroad company, counsel for plaintiffs, over the objection of defendant, was permitted to ask of one J. H. Davis and the witness permitted to answer the following questions:

"Q. Have the cultivated fields on your land become boggy and soggy so that you can not get into it for a month after an overflow; is there any difference in that respect now, than during the years prior to the building of the railroad?

"Plaintiff's counsel continuing: Have the lands that you now own, become more boggy and wet and untillable for that reason since the construction of the railroad, than it was before? To which the witness answered: 'I think not.'

"Q. Do you see any difference at all in your land in this respect in the least, well since the railroad was built?

"A. . I don't see any difference at all according to the season; the overflows have the same effect now as when I went on the Bayou.

"Q. Do your lands that have been overflowed by the creek, dry out as soon now as they formerly did? 'I think they do, with the same amount of rains and the same overflow.' "

The witness also testified that his land was some three or four miles above L. D. Kiersey's land, and that the fall in the creek there was greater than it was at Kiersey's.

We think there was error in admitting the testimony. In the case of Green v. Taylor, B. & H. Ry. Co. (79 Texas, 608), the court say: "Before such a test can be properly applied the condition of the two places with regard to the production of a crop should be proved in every material particular. Such evidence can scarcely ever be of a very satisfactory character."

The decision in the Gulf, Colorado & Santa Fe Ry. Co. v. Locker, (78 Texas, 279) is to the same effect. In each of these cases the lands inquired about were less remote from the lands in controversy in those cases than those lands testified about in this case, from the lands involved in this suit, also the conditions were less dissimilar. We must sustain the assignment, or overrule the cases cited, which we see no good reason for doing.

These remarks apply also to the testimony, the admission of which is complained of in the fifth and tenth specifications of error in the application.

The other assignments of error were as we think correctly disposed of by the Court of Civil Appeals.

For the errors pointed out the judgment of the District Court and that of the Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*