INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY V. SERAPIO ALEMAN.

Decided December 9, 1908.

**1.—Trial—Improper Argument.**

When the trial court sustains objections to an improper argument to the jury and instructs the jury to disregard it, it will be presumed upon appeal that the jury heeded the court's instruction and that the argument did not affect the verdict.

**2.—Personal Injuries—Charge—Construction.**

All parts of a charge which have reference to the same subject matter must be read and construed together. In an action against a railroad company for personal injuries a charge which, in substance, instructs the jury that if plaintiff was injured as alleged and defendant's servants were guilty of any or all of the acts alleged against it, whether they were acts of commission or omission, and if such acts, or any of them, were negligence, and, if negligent, such negligence was the proximate cause of plaintiff's injuries, he was, if free from contributory negligence, entitled to recover, cannot be said to assume any fact essential to a recovery.

**3.—Same—Contributory Negligence—Discovered Peril—Charge.**

The right of a plaintiff to recover damages for personal injuries under the rule or doctrine of discovered peril cannot be affected by the fact that he was guilty of contributory negligence. Charge in such a case considered and approved.

Appeal from the 57th Judicial District, Bexar County. Tried below before Hon. A. W. Seeligson.

*John M. King* and *Hicks & Hicks,* for appellant.—Where counsel in his closing argument to the jury volunteers solely from his own information statements upon a material issue in the case calculated to influence the minds of the jury in favor of plaintiff, such conduct is reversible error, especially if the finding of the jury is against the preponderance of the evidence. Western Union Tel. Co. v. Burgess, 60 S. W., 1025; Missouri, K. & T. Ry. v. Huggins, 61 S. W., 976; Baum v. Sanger, 49 S. W., 650.

The court erred in instructing the jury as follows:

"If you believe from the evidence that on or about October 23, 1907, while the plaintiff was performing work on or near the track of the defendant near Kouns, Texas, and an engine of the defendant struck the plaintiff and knocked him to the ground and that he was thereby injured, in the manner that you find from the evidence he was injured, if you find he was injured; and if you believe from the evidence that the employes of the defendant did, or omitted to do, any one or more of the following acts or things charged in plaintiff's peti-

tion, viz.: If, at the time defendant's servants failed to keep a lookout to discover plaintiff in time to have avoided striking him; or if the defendant's servants failed to warn plaintiff of the approach of said engine so that the plaintiff could have gotten to a place of safety, as an ordinarily prudent person would have done under like circumstances; and if you further believe from the evidence that such acts or omissions which you find were done or omitted by such employes was or were the proximate cause of plaintiff's injuries, if any, and that such employes were guilty of negligence, as negligence has been heretofore defined, in doing or omitting to do any of said acts or things which you find have caused plaintiff's injuries; if any; and if you find that plaintiff was not himself guilty of contributory negligence, proximately causing or contributing to cause his injuries, if any, then you will return a verdict for the plaintiff." Texas & Pac. Ry. v. Murphy, 46 Texas, 367; Henry v. Sanson, 21 S. W., 69; San Antonio & A. P. Ry. v. Robinson, 73 Texas, 284; Gulf, C. & S. F. Ry. v. Greenlee, 62 Texas, 349.

A charge which instructs a jury that if a defendant "did or omitted to do any one or more of the following acts or things" and sets up certain alleged acts of negligence, is contradictory, confusing and misleading, and therefore erroneous. San Antonio & A. P. Ry. v. Robinson, 73 Texas, 284; Baker v. Ashe, 80 Texas, 360; Taylor B. & H. Ry. Co. v. Warner, 88 Texas, 647; Emerson v. Mills, 83 Texas, 388; Houston, E. & W. T. Ry. v. Hardy, 61 Texas, 232.

A charge that if defendant's servants failed to warn plaintiff of the approach of an engine so that plaintiff could have gotten to a place of safety, as an ordinarily prudent person would have done under like circumstances, is in effect an instruction that an ordinarily prudent person under the circumstances would have warned plaintiff of the approach of the engine and thus assumes a fact in dispute, and is therefore a charge on the weight of the evidence. Texas & P. Ry. v. Roberts, 20 S. W., 960; Drumm S. & F. Co. v. Bell, 29 S. W., 796; Austin v. Talk, 26 Texas, 130; Johnson v. Ry., 21 S. W., 274.

The court erred in refusing to give special charge No. 2 asked by defendant, which is as follows:

"If you believe from the evidence that the plaintiff saw the train as it approached, coming up the side track at the time he was struck, and that he knew that if he continued to stand where he was that said train might strike him, and notwithstanding said fact, if you find it to be a fact, he continued to stand where he was until the engine struck him, and if you find that this conduct on his part was negligence and the proximate cause of his injuries, if any, you will find for the defendant." Bonner v. Wiggins, 52 Texas, 128; Galveston, H. & S. A. Ry. v. Ware, 67 Texas, 637; Walker v. Herron, 22 Texas, 59.

*Anderson & Belden,* for appellee.

NEILL, Associate Justice.—This is a suit, brought by the appellee against appellant, to recover damages for personal injuries alleged to have been inflicted by the negligence of the latter.

Plaintiff alleged, in substance: That, on October 25, 1907, while in the employment of defendant as a section hand and in the performance

of the duties of his employment, at work on defendant's railroad track near Kotns, Texas, one of defendant's engines operated by its servants was moved towards him at a high rate of speed and, before he knew or became aware of its approach, he was struck by the engine and thrown violently to the ground and thereby injured; that defendant's servants operating the engine were negligent in that, (1) they failed to keep a lookout and discover plaintiff in time to have avoided his injury, which they could have done by the exercise of ordinary care; (2) that they failed to warn plaintiff of the approach of the engine so that he could have reached a place of safety; and (3) that they discovered plaintiff upon or near the track in a perilous position, and after making such discovery, they failed to use ordinary care to prevent his injury, which they could have done by stopping the engine or reducing its speed; that by reason of having been struck and knocked down by the engine, through such negligence of defendant's employes, as the proximate cause therof, he was injured in the back, spine, shoulders, chest, heart, kidneys, lungs, stomach, nervous system, bladder, arms and legs, all of which injuries are of a permanent character, in consequence of which he has been damaged in the sum of $10,000.

The defendant, after interposing general and special exceptions to plaintiff's petition, answered by a general denial, and pleas of contributory negligence.

The trial of the case resulted in a verdict and judgment in favor of the plaintiff in the sum of $1,500.

*Conclusions of fact.*—We conclude that the evidence reasonably tends to prove that while plaintiff was in defendant's employment as a section hand and at work, shoveling sand from its railroad track in obedience to the orders of his foreman, one of defendant's engines approached from the rear, his face being turned from the direction of its approach, and he, being intent upon his work did not see or hear the approaching engine, nor have notice or warning thereof, was struck, knocked down and injured thereby; that defendant's employes were guilty of one or more of the acts of negligence alleged in plaintiff's petition, and that such negligence, unmixed with any negligence on his part contributing thereto, was the proximate cause of his injuries, by which he was damaged in the amount assessed by the verdict.

*Conclusions of law.*—1. The court having sustained defendant's objections to the remark made by plaintiff's counsel in his closing address and instructed the jury to disregard it, we must presume the jury heeded the court's instruction and that the remark did not affect the verdict. (San Antonio Traction Co. v. Parks, 97 S. W., 510; De La Vergne etc. Co. v. Stahl, 24 Texas Civ. App., 471; Galveston, H. & S. A. Ry. v. Smith, 24 Texas Civ. App., 127; Brown v. Perez, 89 Texas, 282.)

2. When all parts of the charge which have reference to the subject matter of that part complained of by the third assignment of error, are read and considered together (as must be done, Rost v. M. P. Ry. Co., 76 Texas, 168; Dallas Consol. Elect. Ry. Co. v. English, 93 S. W.,1098; Missouri, K. & T. Ry. v. Blachley, 109 S. W., 998), the part complained of is not obnoxious to the objections urged. The three grounds

of negligence alleged by plaintiff, and which the evidence tended to prove, were plainly submitted by the charge. Its meaning is clear, that if plaintiff was injured as alleged and defendant's servants operating the engine were guilty of any or all of the acts alleged by him, whether they be regarded as acts of commission or omission, and if such acts, or any of them, were negligence, and, if negligent, such negligence was the proximate cause of the plaintiff's injuries, he was, if free from contributory negligence, entitled to recover. No fact is assumed by the charge, but every essential one alleged is left to the jury's determination, as well as the question, if plaintiff was injured, whether the facts alleged as negligence, if proved, *in fact,* constituted negligence, and, if negligence, whether it was the proximate cause of plaintiff's injuries.

3. To have given defendant's special charge No. 2, the refusal of which is complained of by the fourth assignment, would have deprived the plaintiff of any right he may have had of recovery on the ground of discovered peril, which is not affected by contributory negligence. (Texas & P. Ry. Co. v. Breadow, 90 Texas, 26; Texas & P. Ry. Co. v. Staggs, 90 Texas, 461; Galveston, H. & S. A. Ry. Co. v. Murray, 99 S. W., 144; San Antonio Traction Co. v. Kelleher, 107 S. W., 65.) By the fifth paragraph of the main charge the jury was instructed, that "It was the duty of the plaintiff to use ordinary care to prevent injury to himself, and if you believe from the evidence that as the train approached him, he knew of the approach of same, or would have known of it by the use of ordinary care, and that he continued to stand where he was or moved nearer to the track, and that in so doing—if you find that he did so—he was guilty of negligence, and such negligence, if any, was the proximate cause of his injuries, if any; or, if you believe from the evidence that the plaintiff heard the approach of the engine, and that he failed to look and see which track said engine was taking, and that such failure, if any, on his part was negligence, and such negligence, if any, was the proximate cause of his injuries, if any, then in either of these events—if you so find—you must return a verdict for the defendant, unless you find for the plaintiff under paragraph III of this charge." This presented the defenses of contributory negligence, as pleaded by defendant, as favorably as it had any right to demand.

4. Our conclusions of fact dispose of the fifth assignment of error adversely to defendant.

There is no error in the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.