**SAN ANTONIO & A. P. RY. CO. v. MILAM COUNTY. (No. 5711.)**

(Court of Civil Appeals of Texas. Austin. Jan. 10, 1917.)

1. BRIDGES &⇒27 — ACTION FOR INJURIES — EVIDENCE.

Where similar conditions are not shown to exist in two streams, evidence that a bridge spanning another stream had always withstood floods was not admissible in an action by a county for damages to its bridge caused by failure of railway company's bridge to withstand flood.

[Ed. Note.—For other cases, see Bridges, Cent. Dig. §§ 7, 8; Dec. Dig. &⇒27.]

2. BRIDGES &⇒27—ACTION FOR INJURIES—EVIDENCE.

Evidence that bridges spanning the same stream below and above the one in question withstood floods, where conditions of bridge and water are not shown to be similar, is not admissible to show strength of the bridge in question.

[Ed. Note.—For other cases, see Bridges, Cent. Dig. §§ 7, 8; Dec. Dig. &⇒27.]

3. BRIDGES &⇒27 — ACTION FOR INJURIES — INSTRUCTIONS.

In an action for failure to maintain substantial bridge which in a flood damaged a county bridge, an instruction limiting the railway company's duty to constructing culverts, trestles, etc., sufficient to withstand such floods as could be reasonably foreseen from past history, was properly refused, as topography, area, and all other relevant facts should be considered.

[Ed. Note.—For other cases, see Bridges, Cent. Dig. §§ 7, 8; Dec. Dig. &⇒27.]

4. BRIDGES &⇒27 — CONFLICTING SPECIAL FINDINGS.

In an action against a railway company for failure to maintain suitable bridge which in a flood damaged county bridge, special findings that the flood was unprecedented, that it was the proximate cause of the washing away of the railway bridge, but that the railway company could have reasonably anticipated the flood, were in conflict, and no judgment could be rendered thereon.

[Ed. Note.—For other cases, see Bridges, Cent. Dig. §§ 7, 8; Dec. Dig. &⇒27.]

Appeal from District Court, Milam County; J. C. Scott, Judge.

Action by Milam County against the San Antonio & Aransas Pass Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Henderson, Kidd & Gillis, of Cameron, for appellant. U. S. Hearrell, R. B. Pool, and Chambers & Baskin, all of Cameron, for appellee.

RICE, J. For a number of years prior to April 22, 1915, appellant and the county of Milam had maintained two separate bridges across Elm creek in said county; appellant's bridge being not far from and above that of the county. On the night of the 22d of said month it is claimed that the railroad bridge washed down against the county bridge, carrying it away, and this action is brought by the county to recover damages therefor, alleging that such damages were caused by the negligence of appellant in failing to leave sufficient openings in its roadbed across Elm creek valley, and in failing to properly construct its trestle. Appellant answered that the flood in question was unprecedented, and could not have been foreseen, and that such unprecedented flood was the cause of the damages complained of. There was a jury trial on special issues, resulting in a verdict and judgment in favor of appellee in the

sum of $850, from which this appeal is prosecuted.

[1] During the progress of the trial R. I. Bell, a witness in behalf of appellant, on cross-examination by appellee, was permitted to testify, over appellant's objection, that appellant's roadbed across Little river valley consisted practically of trestle, and without any dump or embankment, and that such trestle crossing Little river valley withstood the overflow in question, and has never been washed away or damaged within the knowledge of said witness, who had been connected with appellant's road since June, 1913. Appellant objected to this testimony on the ground that it was immaterial, irrelevant, and prejudicial; and upon the further ground that Little river and Elm creek were entirely different streams, and the relative conditions of said streams were not shown. These objections being all overruled, the witness testified as above stated, and this ruling constitutes the basis of the fourth assignment of error. We sustain this assignment. This testimony was irrelevant and immaterial, and, in our judgment, prejudicial to the rights of appellant. Before this testimony could have been admitted similar conditions must have been shown to exist as to the two streams, which was not done, for which reason we think the court erred in admitting this testimony. See S. A. & A. P. Ry. Co. v. Kiersey, 101 Tex. 513, 109 S. W. 862; M. P. Ry. Co. v. Mitchell, 75 Tex. 77, 12 S. W. 810; G., C. & S. F. Ry. Co. v. Caldwell, 102 S. W. 461, 462; M., K. & T. Ry. Co. v. Bell, 93 S. W. 198; Same v. McGregor, 68 S. W. 712; Green v. T., B. & H. Ry. Co., 79 Tex. 607, 608, 15 S. W. 686; G., C. & S. F. Ry. Co. v. Hockaday, 14 Tex. Civ. App. 613, 37 S. W, 477; 14 Ency. Evid. 41; 17 Cyc. 275–278.

[2] Another issue involved in this suit was whether or not the county bridge would have been washed away by this flood, even if appellant's bridge had not struck it; and appellee was permitted to show by the witness Barrett, over appellant's objection, that a bridge on this creek, about a mile and a half above the bridge in question, and another on the same creek, about a mile and a half below it, were not washed away during this flood, but that they were standing intact immediately thereafter. Appellant objected to the introduction of this testimony on the ground that the relative conditions surrounding said other two bridges and the bridge in question, and the relative strength of said bridges and the bridge in question, were not shown. Without such proof this testimony was improperly admitted. See authorities above cited.

[3] Appellant requested, and the court refused to give, the following special charge:

"Negligence is the want of ordinary care, or the want of such care as a person of ordinary prudence would exercise under the same or similar circumstances. A railway company, in constructing its roadbed and trestle across a stream or the valley thereof, is required to leave only such necessary culverts or sluices as the natural lay of the land requires for the necessary drainage thereof in time of such floods as can be reasonably foreseen or anticipated from the history of such stream, and to construct its bridge and trestle in a manner sufficient to withstand such floods as could be reasonably foreseen or anticipated from the history of said stream," etc.

This charge was properly refused, because it is too restrictive in this: That it limits the duty of appellant to the construction of such culverts, sluices, and trestle to such floods as can be reasonably foreseen or anticipated from the history of such stream; whereas, the law is that appellant is charged with the duty of taking into consideration not only the history of the stream, but also all other relevant facts and circumstances as well, such as the topography of the country, the area drained, etc.

[4] Again, while not raised by any specific assignment of error, yet discussed in the brief, in passing we are inclined to suggest that the findings of the jury (the case having been tried on special issues) appear to be in conflict and irreconcilable; for which reason, it is contended, no judgment should have been rendered thereon in favor of appellee. The court in its charge to the jury stated that "an unprecedented flood, as used herein, means a flood of such unusual occurrence in Elm creek valley as could not have been foreseen from the history of said stream by men of ordinary experience and prudence." In reply to question No. 6, "Was the flood in Elm creek valley, of April 22, 1915, unprecedented in the suddenness of its rise and force, and in the rapidity with which it accumulated drift?" the jury answered, "Yes, it was." And they likewise answered in reply to question No. 7 that such unprecedented flood was the proximate cause of the washing down of the bridge; yet they stated in answer to question No. 8 that defendant could have reasonably anticipated or foreseen the flood in question from the history of the stream, by the exercise of ordinary prudence and caution. If the flood was unprecedented, then it could not have been foreseen or anticipated. These findings were in conflict; and, such being the case, no judgment should have been rendered thereon. See Houston & Texas Central R. R. Co. v. Walsh, 183 S. W. 18, and authorities there cited.

We have considered the remaining assignments, and regard them as not well taken.

Believing that the court erred, for the reasons indicated, the judgment is reversed, and the cause is remanded for another trial.

Reversed and remanded.