### DALLAS CONSOLIDATED ELECTRIC STREET RAILWAY COMPANY v. F. S. ILLO.

#### Decided April 22, 1903.

**1.—Street Railway—Negligence—Harmless Error.**

Where the evidence clearly showed that the injury to plaintiff's wife resulted
from the negligence of the motorman in failing to have his car under control and
to use diligence to stop it after he saw her on the track and her danger, the
introduction in evidence, over the objection that it was not pleaded, of a city
ordinance requiring motormen to keep a vigilant watch and to stop their cars
in time when they saw people or vehicles on the track, was not prejudicial
error.

**2.—Same—Discovered Peril—Charge.**

Where the evidence clearly showed that the motorman discovered the peril
of plaintiff's wife in time to have avoided the collision, had he exercised the
degree of care required by the circumstances, error in the charge, if it be such,
in requiring that he should have stopped the car in the shortest time and space
possible, was not prejudicial.  See charge on discovered peril held to correctly
announce the law.

**3.—Charge—Excluding Evidence from Consideration.**

Error in the admission of evidence is cured by a charge instructing the jury
that they shall not consider it for any purpose.

Appeal from the District Court of Dallas.  Tried below before Hon.
Thos. F. Nash.

*Finley & Knight,* for appellant.

*Harry P. Lawther,* for appellee.

The third and fourth assignments of error, referred to in the opinion,
were as follows:

3. The court erred in the second paragraph of its charge to the jury, which in substance is as follows: "It was the duty of plaintiff's wife to exercise and use ordinary care for her own safety in attempting to cross the car track when a moving car was coming towards the point at which she attempted to cross the track. Ordinary care, as used above, means that care which an ordinarily prudent person would have used under the same or similar circumstances, and if she did not use ordinary care as defined herein, and such want of ordinary care, if any, on her part contributed to her injury, plaintiff can not recover, unless you find that after the motorman discovered that she was in danger, or by the use of reasonable diligence should have discovered that she was in danger, he could have avoided the trouble, in which event the defendant is liable."

Proposition: If plaintiff's wife was guilty of contributory negligence this would defeat her right of recovery, notwithstanding the evidence might show that the motorman was guilty of negligence in failing to discover her peril in time to avoid injuring her.

4. The court erred in the third paragraph of its charge to the jury, which is in substance as follows: "Now, if you find and believe from the evidence before you that the defendant's motorman did not stop the car in the shortest time and space possible after he discovered that plaintiff's wife was in danger, or that by the use of reasonable diligence he could have discovered the danger in time to have stopped the car and avoided the accident, or if you find and believe from the evidence that defendant's motorman was negligent in the management of the car, and did not keep a proper lookout for persons and vehicles moving towards or crossing the track, and further find that plaintiff's wife exercised ordinary care in attempting to cross the track, you will find for the plaintiff, otherwise you will find for the defendant."

Propositions: (1) The rule of discovered peril, as established in our decisions, does not require that the car should have stopped in the shortest time and space possible after the discovery of the danger. The new duty arising from the discovery of the peril requires that the motorman after the discovery of the peril to plaintiff's wife should have used every means at his command, consistent with the safety of the car which he was operating, to avoid inflicting injury.

(2) The discovery of the peril must have been in time to have avoided the injury, in order that liability should attach on account of the failure to stop the car after the peril was discovered.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the appellee against appellant to recover damages for personal injuries to his wife, alleged to have been inflicted by the company's negligence. The defendant plead not guilty and contributory negligence. The judgment appealed from, which was entered on a verdict, is for $3500.

These are the facts: On August, 1901, at about 6:30 o'clock in the

evening, appellee's wife, in company with a female companion, was driving in a buggy across Elm Street in the city of Dallas at a point between Stone and Akard streets. The appellant operated an electric street railway along said street, maintaining a double track thereon, over which its cars, running in opposite directions—east and west—were continuously passing. When appellee's wife started to drive across, one of appellant's cars running west turned into Elm Street, 250 feet distant from her, and, the track being down grade, the motorman in charge of and operating the car turned off the current of electricity by which it was propelled, and allowed the car, with its brake chain slack and brake not set, to roll, of its own momentum, rapidly down the track towards where she was driving across the street. The motorman, according to his testimony, did not have the car under control, though he knew the street all along in front of him was crowded with people, buggies, wagons and bicycles, and saw appellee's wife and companion in the buggy from the time they started across the street until he ran them down with his car. Appellee's wife and her companion saw the car coming in their direction when they started to drive across the street, and, it being something over a block from them, judged that they had ample time to cross in safety before the car reached the part of the track where they intended to pass over it. While in the act of crossing, and before the hind wheels of the buggy cleared the track, another vehicle going east on Elm Street was driven directly in front of and between their horse's head and the side of the street to which they were crossing, blocking their way and stopping their buggy on the track directly in front of the approaching street car. Though the motorman saw the wagon pass along, from the rear, beside his car and get in front of and stop the buggy, and realized the perilous situation of the ladies in it, he made no effort to check or stop his car until it struck, overturned the buggy, and threw the ladies with great violence upon the asphalt-paved street. That these acts constitute negligence, there can not be a particle of doubt. By reason of such negligence, appellee's wife without any fault on her part, proximately contributing to her injury, was seriously and permanently injured, to appellee's damage in the amount found by the jury.

*Conclusions of Law.*—The introduction in evidence by appellee, over the objection of appellant that it was not plead, of an ordinance of the city of Dallas, requiring "the conductor of each car to keep a vigilant watch for all vehicles and persons on foot, especially children, either on the track or moving towards it, and, on the first appearance of danger to such persons or vehicles, to stop the car in the shortest possible time," when the undisputed facts in this case are considered in connection with the well-settled principles of law applicable to them, furnishes no ground for a reversal of the judgment; nor does that part of the charge, which is substantially in the language of the ordinance.

It is shown from the testimony of the motorman himself that he *did* keep the *vigilant watch,* and that he *saw* the ladies in the buggy from the time his car turned into Elm Street until the collision occurred. And that he also saw the wagon pass his car, get in the way of and stop the buggy on the street car track. If the negligence charged had been the failure of the motorman to use ordinary care in discovering persons on or near the track, and the evidence had made it a controverted issue of fact, it might with some degree of plausibility be contended that the admission of the ordinance and giving substantially its language in charge to the jury were prejudicial errors. But as no such issue was made, and the undisputed evidence shows the motorman exercised the diligence of discovery required by the ordinance, the admission of the testimony and giving the charge could not, if error, have possibly prejudiced the appellant.

The grounds upon which appellant's liability rests are the negligence of the motorman in permitting his car to run of its own momentum down a street thronged with people and vehicles without having it under his control, and his failure to exercise any diligence at all to stop or check the speed of the car when he discovered the imminent peril of the ladies. These grounds of negligence are so clearly and conclusively established and shown by the evidence to be the proximate cause of the injury, that we can hardly conceive of an error that would justify us in reversing the judgment.

There is no question about the fact that the motorman discovered the peril of appellee's wife in time to have avoided the collision, had he exercised the degree of care required under the circumstances. In view of this fact, the paragraphs of the court's charge complained of in the third and fourth assignments of error, if subject to the objections urged against them, could not have been prejudicial to the appellant. But it seems to us the charge correctly announces the law applicable to the case made by the pleadings and evidence. San Antonio Traction Co. v. Upson, 31 Texas Civ. App., 50, 71 S. W. Rep., 565, and authorities cited.

If there were any error in the admission of the testimony complained of by the fifth and sixth assignments of errors, it was cured by the court's instructing the jury "that in determining the question whether or not defendant's motorman was guilty of negligence in this case you are not to consider for any purpose any of the evidence detailed before you which relates to other accidents with which he was connected; but you will look alone to the facts and circumstances detailed that were connected with the occasion of the accident." Railway v. Duelin, 86 Texas, 450.

There is no error requiring a reversal of the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.