### J. S. MAXFIELD v. TEXAS & PACIFIC RAILWAY COMPANY.

#### Decided March 20, 1909.

**1.—Discovered Peril—Degree of Care.**

When the persons operating a train see a person on or near the track in peril from the train, in time to avoid injuring him, it becomes their absolute duty to use every means then within their power, consistent with the safety of the train, to avoid injuring him; and a charge that under such circumstances it is their duty to use ordinary care, is erroneous.

**2.—Contributory Negligence—Charge—Weight of Evidence.**

A charge instructing that the plaintiff was guilty of contributory negligence and could not recover if the jury found that he could have walked between the tracks in a place of safety and that an ordinarily prudent person would have remained between said tracks and would not have gotten upon the track so as to be struck by the engine, assumed that he got upon the track so as to be struck, and was upon the weight of evidence.

Appeal from the District Court of Van Zant County. Tried below before Hon. R. W. Simpson.

*Davidson & Davidson,* for appellant.

*J. A. Germany,* for appellee.

RAINEY, CHIEF JUSTICE.—The evidence in this case raised the issue of discovered peril. On this issue the court charged the jury: "If defendant's servants saw plaintiff a sufficient distance from him to have stopped the train or lessened its speed in time to avoid striking him, then if you find an ordinarily prudent and cautious person would, under the same or similar circumstances to those surrounding the parties, have used the means at hand to stop or check the speed of the train, then if you find they failed to use ordinary care to so use the means to stop or check the train," to find for plaintiff.

This charge in defining the duty imposed by law on defendant upon the issue of discovered peril falls short of that duty as announced in the case of Texas & Pac. Ry. Co. v. Breadow, 90 Texas, 26, and fol-

lowed by the case of Texas & Pac. Ry. Co. v. Staggs, 90 Texas, 458, to wit: "If defendant, through the parties in charge of the engine, knew of Breadow's peril in time to have avoided same, such knowledge imposed upon it the new duty of using every means then within its power, consistent with the safety of the engine, to avoid running him down, and a failure so to do would render it liable, notwithstanding he may have been guilty of contributory negligence in being exposed to the peril." This imposes the duty of using the means then in its power consistent with the safety of the engine, and the measure of the duty imposed by the charge of using "such care as an ordinarily prudent and cautious person would use under similar circumstances," does not fully meet the requirements of the new duty that arises under the circumstances. The new duty that arises under such conditions seems, from the wording of the decision cited, to be one that is imperative and is not measured by the term ordinary care.

Again, we think the charge is erroneous in that it submits for the determination of the jury, whether or not an ordinarily prudent and cautious person would, under the same or similar circumstances to those surrounding the parties, have used the means at hand to stop or check the speed of the train. It was the absolute duty of the engineer in charge of appellee's train, when he discovered appellant's peril, to make use of all the means at his command, consistent with the safety of the engine, to stop or check the train and avoid striking appellant. Such duty did not depend upon whether or not a person of ordinary care and caution would have made use of such means, but under such circumstances was imperative. Therefore the court erred in its charge in not charging the jury in accord with said decisions.

The third assignment of error complains of the giving of the special charge asked by defendant as follows: "The court erred in giving to the jury defendant's requested instruction No. 1, as follows: 'You are instructed that if you find that the plaintiff could have walked between said tracks in a place of safety, and that an ordinarily prudent person would have remained between said tracks and would not have gotten upon the tracks so as to be struck by the engine in question, then, if you so find, plaintiff is guilty of contributory negligence and can not recover. J. A. Germany, attorney for defendant."

"Given with the qualification that under circumstances mentioned in this charge plaintiff can not recover unless defendant's engineer saw him, and saw he was in position of peril, in time to have stopped the train by the use of ordinary care to use the means and appliances at hand. R. M. Simpson, Judge."

This charge assumes that plaintiff got on the track so as to be struck, and in another portion of the charge it was left to the jury to determine whether or not he got upon the track so as to be struck. While the evidence, we think, might warrant such an assumption, there being a conflict in the charge, the jury may have been confused thereby, and attention is called to it that it may not be repeated on another trial.

For the error in the charge on discovered peril the judgment is reversed and cause remanded.

*Reversed and remanded.*