ALLEN v. TEXAS TRACTION CO.

(Court of Civil Appeals of Texas. San Antonio. June 12, 1912. Rehearing Denied June 28, 1912.)

1. RAILROADS (§ 351*)—INJURIES TO PERSONS ON TRACKS—DISCOVERED PERIL.

In an action for injuries at a railroad crossing, where a recovery was sought under the doctrine of discovered peril, an instruction that it was the duty of defendant's servants, if they discovered the perilous position of plaintiff's son and property, to exercise the greatest possible care to avoid injury, and that if they did discover the dangerous position in time to protect him from danger by reasonable care, and they failed to do so, and plaintiff's minor son exercised ordinary care in attempting to cross the track, there should be a finding for plaintiff, was erroneous because making the recovery dependent on the care exercised by plaintiff's son and not upon the failure of defendant's servants to exercise due care after discovering his peril.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1193–1211, 1213–1215; Dec. Dig. § 351.*]

2. APPEAL AND ERROR (§ 1066*) — REVIEW — HARMLESS ERROR—INSTRUCTION.

In an action against a railroad company for injury to plaintiff's mules and wagon which were struck by a train, where the petition and evidence authorized the submission of the issue of discovered peril, an instruction making due care of the driver a condition precedent to recovery was prejudicial error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. § 1066.*]

3. TRIAL (§ 228*)—INJURIES TO ANIMALS ON TRACKS—INSTRUCTION.

In an action against a railroad company for an injury to plaintiff's mules and wagon which were struck by defendant's train, an instruction, that the duty on the part of defendant's servants to prevent the injury arose if such servants negligently failed to use all means to lessen the injury, being unintelligible, is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 509–512, 526; Dec. Dig. § 228.*]

4. RAILROADS (§ 338*)—INJURIES TO ANIMALS ON TRACKS—DISCOVERED PERIL.

In an action for injuries at a crossing, where the recovery was sought on the ground of discovered peril, the company was not responsible, though its servants did not endeavor by all means to prevent the injury, if the peril was not discovered in time for the servants to have accomplished anything by those means.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1096–1099; Dec. Dig. § 338.*]

Appeal from Dallas County Court at Law; W. F. Whitehurst, Judge.

Action by F. E. Allen against the Texas Traction Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

B. F. Word and Charlton & Charlton, all of Dallas, for appellant. T. B. Williams and M. B. Templeton, both of Dallas, for appellee.

MOURSUND, J. Appellant was plaintiff below and sued appellee for damages suffered by reason of the killing of one mule, the injury to another mule, the destruction of a wagon, and the injury to plaintiff's son, who was driving the team of mules. Said damages were alleged to have been caused by the negligence of the servants of defendant in running its work train at a high rate of speed along a public street in the town of Richardson, thereby causing the same to collide with the wagon and team of mules belonging to plaintiff, which were being driven across defendant's track. It was also alleged that the employés in charge of the train saw, or by use of reasonable diligence might have seen, plaintiff's son, wagon, and team approaching and on said track in time to have stopped the train, and thus to have prevented said collision and damages, but failed to do so. Upon a trial before a jury a verdict was returned in favor of defendant, and judgment rendered accordingly, from which plaintiff appealed.

[1] By the first and second assignments of error appellant complains of that portion of the charge defining "discovered peril," because the same requires the exercise of ordinary care on the part of the driver of the team in attempting to cross the track before appellant could recover in case of discovered peril. The portion of the charge objected to is as follows: "In this connection, you are charged that it was the duty of said servants in charge of said train, if they discovered

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

the perilous position of plaintiff's said son and property, to exercise the greatest possible care to avoid injury to them; and that if you believe from the evidence that they did discover the dangerous position of plaintiff's said son and property in time to have protected them from damage by the exercise of such care, and that they failed so to do, and that by reason thereof said collision occurred and said damages resulted, and you further find that plaintiff's minor son exercised ordinary care in attempting to cross the track, you will find for the plaintiff; otherwise you will find for defendant."

The last part of said charge precludes a recovery by plaintiff unless his son exercised ordinary care in attempting to cross the track. Such a rule would completely nullify the doctrine of discovered peril, which is based upon the proposition that even though the party may by his negligence place himself in danger, yet, if his peril is discovered, care must at once be exercised to prevent injury to him. It cannot be contended that the portion of the charge objected to merely required that the son, upon the discovery by him of his peril, should also have tried to avoid injury. It plainly requires ordinary care on his part in attempting to cross the track, and can only be construed to instruct that, if he was negligent in attempting to cross the track, no recovery could be had, even though his peril was discovered in time to prevent the collision by the use of the means at command of appellee's servants. Such charge was therefore clearly erroneous. Railway Co. v. Breadow, 90 Tex. 26, 36 S. W. 410; Railway Co. v. King, 123 S. W. 152; Railway Co. v. Aleman, 52 Tex. Civ. App. 565, 115 S. W. 74; Maxfield v. Railway Co., 54 Tex. Civ. App. 520, 117 S. W. 483.

Counsel for appellee contend that a similar charge was approved by Judge Neill in the case of Dallas Ry. Co. v. Illo, 32 Tex. Civ. App. 290, 73 S. W. 1076. An examination of the charge in said case discloses that it was very different from the one now being considered. That charge, after submitting the issue of discovered peril, goes further and submits the issue whether the motorman was negligent in the management of the car and whether he kept a proper lookout, and, in connection with such issue, required ordinary care on the part of plaintiff's wife in attempting to cross the track, but did not require such care on her part before she could recover on the issue of discovered peril.

[2] We are of the opinion that the petition and evidence in this case were sufficient to require the submission of the issue of discovered peril, and, the charge given being erroneous, the assignments of error are sustained.

[3, 4] By his fourth assignment appellant complains of the refusal of the court to give his special charge on discovered peril. We do not approve said charge, because it is very involved and confusing. It virtually instructs that the duty on the part of defendant's servants to prevent the injury arose if, in addition to other matters, such servants negligently failed to use all the means in their power to prevent or lessen the injury.

The absurdity is apparent. We are also of the opinion that, as drawn, the charge is calculated to confuse the jury and to make them believe that, unless the servants endeavored by all means in their power to prevent injury, the company would be responsible, without reference to the question whether the discovery was made in time to have accomplished anything by such endeavors.

For the error in the charge on discovered peril the judgment is reversed, and the cause remanded.